## HENDERSON KLIE HAT COMPANY, a Corporation, Appellant, v. CAPE TRADING COMPANY, INC., a Corporation, Respondent.

**St. Louis Court of Appeals. Opinion Filed March 4, 1924.**

1. **MALICIOUS PROSECUTION: Action Defined.** An action for malicious prosecution is an action for damages by one against whom a criminal prosecution or civil suit has been instituted maliciously and without probable cause after the termination of such prosecution or suit in favor of the defendant therein, and it is not favored in the law.

2. ————: **Corporations: Right of Actions By: Bankruptcy Proceedings Instituted Against Officer: Corporation Cannot Maintain Action for Malicious Prosecution.** The institution of bankruptcy proceedings against the president of a corporation, in his individual capacity, does not give a right of action for malicious prosecution to the corporation, even though the corporation may have suffered damage such damage being too remote; a corporation being a distinct entity, considered separate and part from individuals composing it, is not affected by either their rights or obligations.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Charles W. Rutledge,* Judge.

AFFIRMED AND REMANDED.

*Sanders, Forgey & Verdier* and *Earl M. Pirkey* for appellant.

(1)   A corporation can recover damages caused by malicious prosecution of its president.   Bank v. Goodwin, 148 Mo. App. 370; Beardsley v. Pappan, 2 Fed. cases No. 1188-A, page 1185; St. Johnsberry & Lake Champlain R. R. v. Hunt, 55 Vt. 639.   McDonald v. Grocery Company, 184 Mo. App. 443.   (2)   Where defendant has violated a duty imposed on him by the common law, it seems just and reasonable that he should be held liable to every person injured whose injury is the actual and probable consequence of the misconduct.   Hughes v. McDonough, 39 Am. St. Rep. 603.

*Blodgett & Fisher* and *Lew R. Thomason* for respondent.

DAVIS, C.—This is an action for damages by plaintiff, a corporation, against defendant for maliciously and without probable cause filing a proceeding in bankruptcy against plaintiff's president, W. Douglas Henderson. The cause went to the jury, which returned a verdict for plaintiff for $1500 compensatory and $300 punitive damages.   Defendant moved for a new trial and in arrest of judgment, both of which the court below sustained, and plaintiff appealed.

The evidence tends to show that in November, 1916, W. Douglas Henderson and C. J. Redding comprised a copartnership doing business as Redding-Henderson Manufacturing Company, manufacturing and handling artificial flowers. They remained copartners until March 31, 1919, at which time they divided the assets, Redding continuing the business as sole owner under the aforesaid name at 1903 Locust street.   Redding thereupon gave a statement to a mercantile agency showing that he was the sole owner.   In August, 1920, C. J. Redding, under the name of Redding-Henderson Manufacturing Company, purchased from defendant merchandise valued at $807.50, the account remaining unpaid.   On September 9, 1920, C. J. Redding, under the firm name of Redding-Henderson Manufacturing Company, made a deed

of assignment to Richard O. Rumer as trustee for the benefit of all creditors of said company. The trustee immediately took the assets of the company, advertised and sold the same, realizing the sum of $796. After the sale of the assets, the trustee wrote defendant a letter informing it of the amount secured at the sale and of the company's debts, aggregating $6831.34, and stating that defendant's dividend would be very small. Thereafter defendant placed its account with attorneys in the city of St. Louis for collection.

The evidence further tends to show that W. Douglas Henderson on March 31, 1919, with the consent of Redding, dissolved the copartnership of Redding-Henderson Manufacturing Company, and divided the assets. On or about April 1, 1919, W. Douglas Henderson, with others, organized a corporation under the name of Henderson-Klie Hat Company, the plaintiff herein, Henderson being a stockholder and becoming president thereof. On November 6, 1920, the attorneys to whom defendant had forwarded the account for collection, joining its claim with two other creditors, filed, in the United States District Court, an involuntary petition in bankruptcy against W. Douglas Henderson, doing business as Redding-Henderson Manufacturing Company, the copartnership from which Henderson withdrew on March 31, 1919. After being duly served, said Henderson filed his answer denying connection with the Redding-Henderson Manufacturing Company, and denying any act of bankruptcy. On or about January 13, 1921, the petition in bankruptcy against W. Douglas Henderson was dismissed. Thereupon plaintiff, a corporation, filed suit, claiming that it had been damaged because a petition in bankruptcy had been filed against its president, W. Douglas Henderson.

Such other facts as may be pertinent will later appear.

The court sustained a motion for a new trial: First, because the petition did not state facts sufficient to constitute a cause of action; second, because the instruction in the nature of a demurrer to the evidence at the close of

plaintiff's case should have been given; third, because the verdict of the jury is against the law of the case; fourth, because the verdict of the jury is against both the law and the evidence. It also sustained the motion in arrest of judgment: First, because the facts stated in plaintiff's petition do not constitute a cause of action; second, because plaintiff seeks to recover under said petition for alleged injuries to a third party; and third, because upon the whole record said judgment is erroneous.

This is, in effect, a suit for malicious prosecution. Plaintiff, a corporation, seeks to recover damages because defendant maliciously and without probable cause instituted bankruptcy proceedings against W. Douglas Henderson, its president. In Shedd v. Patterson, 302 Ill. 355, 134 N. E. 705, 26 A. L. R. 1004, the court, quoting from 18 R. C. L., page 11, sec. 2, say: "An action for malicious prosecution is an action for damages by one against whom a criminal prosecution or civil suit has been instituted maliciously and without probable cause, after the termination of such prosecution or suit in favor of the defendant therein, and it is not favored in the law. The above definition of a suit for malicious prosecution is sustained by the authorities. It is evident, that before one may maintain the suit, a criminal prosecution or civil suit must have been maliciously and without probable cause instituted against the party seeking to recover. The institution of bankruptcy proceedings against the president of a corporation, in his individual capacity, does not give a right of action to the corporation, even though the corporation may have suffered damage, such damage being too remote. A corporation is a distinct entity, considered separate and apart from the individuals who compose it, and it is not affected by either their rights or obligations. If plaintiff was damaged, it was *damnum absque injuria.* The maxim, *ex damno sine injuria non oritur actio,* is applicable.

We have examined the cases cited by plaintiff, but do not consider them applicable to the issues here. The case of Bank v. Goodwin, 148 Mo. App. 364, 128 S. W.

220, is not in point. That was a libel suit in which the court construed the defamatory matter set up in the petition as charging that the managing officers, acting for the corporation, were applying its funds to illegal purposes, and not that the officers, acting as individuals, were doing so. 18 R. C. L., page 62, sec. 42, commenting on St. Johnsbury, etc., R. Co. v. Hunt, 55 Vt. 570, 45 Am. Repts., 639, says: ''While a railroad company has been allowed an action for the malicious arrest of an engineer on one of its trains, such an action is not one for malicious prosecution as brought by the company, but is predicated on the broader tort principle of recovery for intentional harm, as the arrest of the engineer was for the purpose of injuring the company.'' We take the same view of the case.

Upon investigation, we have been unable to find a case relating to the same or a similar state of facts. However, looking to the definition of an action for malicious prosecution, we think it is sustainable only in favor of one against whom a criminal prosecution or civil suit has been instituted.

The trial court did not err in sustaining the motions for a new trial and in arrest of judgment. The petition failed to state a cause of action, and the facts did not warrant the submission of the cause to the jury.

The Commissioner recommends that the judgment be affirmed and the cause remanded for proceedings not inconsistent herewith.

PER CURIAM:—The foregoing opinion of DAVIS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed and the cause remanded as recommended by the Commissioner. *Allen, P. J., Becker* and *Daues, JJ.,* concur.