ROBERTS BROTHERS, INC., et al.,
Plaintiffs,

v.

KURTZ BROS. et al., Defendants.

Civ. A. No. 426-63.

United States District Court
D. New Jersey.

Dec. 17, 1964.

472

Mathews & Sitzler, by John O. Sitzler, Jr., Palmyra, N. J., Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., for plaintiffs.

Archer, Greiner, Hunter & Read, by James Hunter, III, Camden, N. J., and Frank B. Wallis, and Walker B. Comegys, Jr., of Goodwin, Proctor & Hoar, Boston, Mass., W. Bradley Ward, of Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Frank L. Seamans, of Eckert, Seamans & Cherin, Pittsburgh, Pa., William U. Smith, of Smith, Smith & Work, Clearfield, Pa., Charles F. Herr, of Appel, Ranck, Levy & Appel, Lancaster, Pa., William D. Boswell, of Compton, Handler, Bermon & Boswell, Harrisburg, Pa., Nochem S. Winnet, of Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., Robert C. Vincent, of McGovern, Vincent, Connelly & Soll, New York City, William J. Rooney, of Harper & Rooney, Mamaroneck, N. Y., Bruce A. Hecker, of Manning, Hollinger & Shea, New York City, for defendants.

COHEN, District Judge:

Plaintiffs renew a motion before trial seeking transfer, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), of an action brought under the Sherman-Clayton Anti-Trust Act, 15 U.S.C. §§ 15 and 26, against numerous individual and corporate defendants, from this judicial district to the Eastern District of Pennsylvania. Narrative elaboration may be foreshortened by reference to an opinion of this Court July 7, 1964 denying a similar motion.[1]

Since this Court's earlier disposition, the only material change in circumstances is the pendency of a like action instituted August 4, 1964 in the Eastern District of Pennsylvania,[2] some 14 months after the commencement of the present action. In contrast to the multiple party action here, the Pennsylvania proceeding is by one New Jersey corporate plaintiff, Roberts Bros., Inc., against three Pennsylvania corporate defendants, Kurtz Bros., L. B. Herr & Son, and Roberts & Meck, Inc., previously dismissed here by motion November 26, 1963 for lack of jurisdiction, and against three other corporate defendants, J. L. Hammett Company, a Massachusetts corporation, Garrett-Buchanan Co., a Pennsylvania corporation, and Kurtz Bros. Eastern Division, Inc., a Pennsylvania corporation and subsidiary of Kurtz Bros. The latter three, among others, are defendants in an action still pending in this Court. Although not of paramount importance, there is the incidence of a non-jury action here as opposed to a jury trial demanded in the Eastern District of Pennsylvania.

Concisely, and for convenience of classification, plaintiffs' motion is divided into three parts. First, it seeks transfer of the action embracing plaintiffs, and those three defendants common to both pending lawsuits; seeks revision of the order previously dismissing the other three defendants, so as to permit their transfer now; and requests dismissal without prejudice of the five remaining defendants.[3] Secondly, should such transfer be denied, then alternative ruling is sought by the entry of an order certifying under Rule 54(b), Fed.R.Civ. Proc., that there are presented, by sev-

1. Roberts Bros., Inc., et als. v. Kurtz Bros., et als., 231 F.Supp. 163 (D.C.N.J. 1964).

2. U. S. District Court, Eastern District of Pennsylvania, Civil No. 36,312.

3. The Pennsylvania corporate defendants common to both suits are: J. L. Hammett Company, Garrett-Buchanan Co., and Kurtz Bros. Eastern Division, Inc.; the remaining five defendants are: Peckham, Little & Co., Inc., a New York corporation, doing business in New Jersey, and William B. Shepard, Walter E. Haggerty, Norman J. Thompson and Maurice C. Huff. Cf: n. 16 post.

eral prior orders, questions of law about which there exist substantial differences of opinion, coupled with a determination that there is no just cause for delay, thus warranting appellate review at this juncture. And thirdly, if the primary and alternative rulings sought are denied, then plaintiffs desire an order granting them permission to dismiss the entire action without prejudice.

The respective positions of the parties have been copiously briefed and argued with commendable vigor by counsel. The additional circumstance of the pendency of two actions in two separate and adjacent federal districts, involving the identical subject matter and defendants, some of whom are common to both proceedings, lends dimensions now, not present at the time of the earlier motion,[4] and which warrant reanalysis and reassessment of the positions of the respective parties.

■ Duplicitous litigation encumbering two federal courts is abhorrent to the judiciary and oppressive to litigants and witnesses.[5] As stated by Mr. Justice Black: "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." [6] When confronted with such a situation, several possible solutions must be considered. What would appear to be the clearest and most facile exercise of the Court's discretion would be a dismissal of the proceeding here, without prejudice but upon terms and conditions pursuant to Rule 41(a) (2), Fed.R.Civ.Proc. Thus, only the action pending in the Eastern District of Pennsylvania, a forum which the plaintiffs now seek, would remain, although selected more than a year after initial choice here. But such dismissal, in light of all the existing circumstances, ought to be granted, if at all, only upon terms and conditions providing for payment of costs and counsel fees. However, such course, if selected, is fraught with the practically prohibitory expenses of defendants which, in this type of complex litigation, amounts to many thousands of dollars.[7] Dilemmatically, plaintiff cannot dismiss its claims in the Pennsylvania action where it has joined the three Pennsylvania defendants previously dismissed. Those particular defendants would not then be suable by plaintiffs in either forum. Such course is not feasible. Consequently, dismissal of them in either forum, with prejudice or without, but upon payment of costs and fees, would substantially prejudice plaintiffs' claims against them, rather than constitute an appropriate and desirable exercise of judicial discretion in an attempt to do equal justice among the parties.

■ In endeavoring to accommodate the demands made by logic and federal judicial policy of one forum, one case, one hearing upon the merits and one definitive determination, we must turn once again to the propriety of transfer under the permissive statute.[8] Unlike the problems presented in the prior disposition, where transfer was urged for some asserted convenience of the parties and the witnesses, and for which the case did not jurisdictionally qualify either in fact or law, the expanded structure of this litigation involving substantially the same parties dictates an exercise of this Court's judicial discretion in effectively transferring this case, as to the six corporate defendants, to the Eastern District of Pennsylvania, and dismissing the remaining five defendants with prejudice. That such salutary res-

---

4. Op. cite n. 1.

5. Van Dusen v. Barrack, 376 U.S. 612, 636, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

6. Continental Grain Co. v. Federal Barge Lines, and Barge FBL–585, 364 U.S. 19, at p. 26, 80 S.Ct. 1470, at p. 1474, 4 L.Ed.2d 1540 (1960).

7. Harvey Aluminum, Inc. v. American Cyanamid Co., 15 F.R.D. 14 (S.D.N.Y. 1953).

8. 28 U.S.C. §§ 1404(a) and 1406(a).

olution of this motion might be accomplished by the application of the federal law of transfer is surely a consummation devoutly to be wished. Continental Grain Co., supra; Goldlawr, Inc. v. Heinman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). For while procedural rules and remedial measures are designed to facilitate the dispatch of judicial business and may be used only within their precise limitations, they are not an end in themselves. The power to effect, as well as defeat, a transfer to another federal forum is derivative from federal law rather than dependent upon deliberate conduct of the parties. Van Dusen v. Barrack, supra. By such conduct, as initial choice of forum here, plaintiffs are not so bound as to defeat a legally proper and factually appropriate transfer, absent other overriding considerations such as unconscionable delay, substantial prejudice, unwarranted inconvenience to parties and witnesses, or the intervention of other circumstances which would preclude transfer, as a matter of sound judicial discretion, or of law.[9]

■■ Equitable considerations in assessing the positions of defendants must antecede a contemplated transfer. Factors of convenience have received ample consideration.[10] Present measure concerns the demands of justice in the placement of this litigation in its proper federal forum. With regard to the Pennsylvania corporate defendants common to both suits, transfer would not prejudice them as they must respond to either or both actions in any event. Supplementary proceedings, such as pretrial discoveries, which have only just gotten underway here, would not be curtailed or be rendered nugatory and wasteful, as with a dismissal without prejudice, which would require response *de novo*, in the new forum. No prejudice, either of substantial nature or incidental in character, manifestly appears against these common corporate defendants in the event of transfer.

Of similar import, regarding the element of prejudice, is the position of the remaining five defendants, one corporate, the others individuals, in the New Jersey action. Plaintiffs seek their dismissal without prejudice. However, to so dismiss now and leave them vulnerable to identical suit at a later date, after having been actively engaged in this court through legal counsel over a period of 18 months, with great expenditure of time, energy and money, in order to accommodate transfer of this action, would be patently unfair. As discussed at the outset, a dismissal should be either upon appropriate terms and conditions which, however academically sound, presents in turn an economically irresolvable dilemma, or be granted with prejudice which would effectively adjudicate these defendants out of the litigation. A dismissal with prejudice, now, would open the way for transfer under 28 U.S.C. § 1406(a), by removing the impediment which originally precluded transfer, then urged for illusory convenience,[11] of those three Pennsylvania corporate defendants previously dismissed for improper venue here.[12]

The order of dismissal entered against defendants Kurtz Bros., L. B. Herr & Son and Roberts & Meck, Inc. was interlocutory in nature. Since the earlier dismissal, they have been made parties-defendant in the Pennsylvania action. As with the three defendants common to both suits, they must respond to that action in that forum. Consequently, a revision of the interlocutory order of dis-

---

9. Philip-Carey Mfg. Co. v. Taylor, 286 F. 2d 782 (6 Cir. 1961), cert. den. 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961) ; Swindell-Dressler Corp. v. Dumbauld, 308 F.2d 267 (3 Cir. 1962).

10. Op. cite n. 1.

11. Op. cite n. 1.

12. Upon motion, defendants Kurtz Bros., L. B. Herr & Son, and Roberts & Meck, Inc., all Pennsylvania corporations were dismissed November 26, 1963 for improper venue, as not being suable in New Jersey. See op. cite, n. 1.

missal will not result in prejudice. Under Rule 54(b), Fed.R.Civ.Proc. the previous order of dismissal, never formalized, will be vacated and revised to the extent necessary to effect transfer of this action against Kurtz Bros., L. B. Herr & Son, Roberts & Meck, Inc., J. L. Hammett Company, Garrett-Buchanan Co., and Kurtz Bros. Eastern Division, Inc., being the identical defendants in the pending Pennsylvania action.[13] Simultaneously therewith, plaintiffs' action as it stands against defendants Peckham, Little & Co., Inc., William B. Shepard, Walter E. Haggerty, Norman J. Thompson and Maurice C. Huff, will be dismissed with prejudice. These latter defendants have no vested proprietary interest in this litigation which would enable them to defeat such dismissal. Van Dusen v. Barrack, supra, at page 624, 84 S.Ct. 805, 11 L.Ed.2d 945. Nor does it appear that venue in the Eastern District of Pennsylvania would be proper with respect to some or all of them. Absent these latter defendants, this matter is one in which venue in the Eastern District of Pennsylvania appears to be proper and a forum where suit could have been brought originally. At the time of the earlier motion to transfer, the three corporate defendants then dismissed, and now transferred, were not suable in New Jersey; the matter could not then be transferred because of the presence of the five defendants, now dismissed, it not being an action which could have been brought in the Eastern District. The convenience conjectured then and the supposition of plaintiffs that its case, as then structured, could be completely adjudicated in one action as to all the parties in the transferee forum were futile aspirations, and did not warrant drastic judicial surgery to carve it into one maintainable there.

As stated in prior rulings,[14] the lodestar for the Court is whether justice dictates transfer of a pending action, as contrasted to its dismissal, provided, of course, that such action may be transferred to another division or District only if it "could have been brought" there in the first instance.[15] Prior to the Pennsylvania action, litigation in multiple forums involving selected defendants was a possibility; now, we are confronted with the reality. Such reality is considered a crucially catalytic factor compelling the present rulings. Furthermore, judicial experience and discretion dictate that litigation, especially of the present magnitude, find terminus in a forum of final destination so that procedural techniques may dissipate eventually and a judicially definitive and ultimate determination upon the merits be afforded.

In conclusion, it is believed that the rulings, then and now, on transfer are consistent, neither having been reached by necromancy. Factual complexity in each instance gave rise to myriad considerations calling forth application of what was and is conceived to be the determinative rule of law. New and expanded dimensions bring forth new problems, no less in litigation than in human affairs. That the present disposition may do justice among the parties has been the paramount concern of the Court.

For the above reasons, plaintiffs' action as against Kurtz Bros., L. B. Herr & Son, Roberts & Meck, Inc., J. L. Hammett Company, Garrett-Buchanan Co., and Kurtz Bros. Eastern Division, Inc. will be transferred to the United States District Court for the Eastern District of Pennsylvania, there to join the pending companion case, and perhaps another action by certain School Districts involving the same subject matter, as well

13. Op. cite n. 9; Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); United States v. Berkowitz, 328 F.2d 358, 361 (3 Cir. 1964); Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); All States Freight, Inc. v. Modarelli, 196 F.2d 1010 (3 Cir. 1952); Goldlawr v. Heinman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

14. Op. cite n. 1.

15. Op. cite n. 5.

as some of the same defendants.[16] This action will be dismissed, with prejudice, as against defendants Peckham, Little & Co., Inc., William B. Shepard, Walter E. Haggerty, Norman J. Thompson and Maurice C. Huff.

Counsel for the plaintiffs may submit an appropriate order, either with consent or upon notice.

---

16. School Districts of Philadelphia v. Kurtz Bros., Kurtz Bros. Eastern Division, Garrett-Buchanan, J. L. Hammett, L. B. Herr & Son, Peckham, Little & Co., Inc., Roberts & Meck, Inc., Webster Paper & Supply Co., A. & C. Company, The Paul M. Adams, Boptero Inc. and Bardeens, Inc., Civil No. 35747 complaint filed May 12, 1964.