**ILLINOIS SCIENTIFIC DEVELOP-MENTS, INC., Petitioner,**

v.

**Honorable John J. SIRICA, Judge, United States District Court for the District of Columbia, Respondent,**

**Honeywell, Inc., Intervenor.**

**No. 21349.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 19, 1967.

Decided Jan. 10, 1968.

Mr. Laurence B. Dodds, Great Neck, N. Y., with whom Mr. William D. Hall, Washington, D. C., was on the brief in support of petition for writ of mandamus, for petitioner. Mr. George Vande Sande, Washington, D. C., was on the petion for writ of mandamus.

Mr. William M. Cohen, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the opposition to petition for writ of mandamus, for respondent.

Mr. Roger Robb, Washington, D. C., for intervenor. Mr. Kenneth Wells Parkinson, Washington, D. C., also entered an appearance for intervenor.

Before BAZELON, Chief Judge, and WRIGHT and ROBINSON, Circuit Judges.

PER CURIAM:

Petitioner brought suit in the District Court charging Honeywell, Inc., inter-

venor herein, with patent infringement. Petitioner seeks a writ of mandamus to compel the respondent judge to vacate his order transferring the action to the United States District Court for the District of Minnesota.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404 (a). In ruling on Honeywell's motion to transfer the action to Minnesota, the District Judge weighed a number of factors, including the location of the parties, the witnesses and the physical evidence, and the desirability of consolidating the action with antitrust litigation between Honeywell and petitioner's parent corporation pending in the District of Minnesota. Our review of the record leaves us unconvinced that the District Judge abused his discretion in concluding a transfer would serve "the convenience of parties and witnesses" and be in "the interest of justice." The record is inconclusive, however, as to whether the action "might have been brought" in Minnesota.

 A civil action for patent infringement may be brought "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Before a motion to transfer under § 1404(a) may be granted, it must appear that the conditions necessary to satisfy this special venue provision existed on the date the action was commenced. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed. 2d 1254 (1960). Petitioner conceded in the proceedings before the District Judge that Honeywell had a "regular and established place of business" in Minnesota,[1] but the record does not show, and the District Judge apparently did not find that Honeywell had "committed acts of infringement" there.

An act of infringement is committed when a person "without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor." 35 U.S.C. § 271(a). The record does not disclose whether at the time the action was commenced Honeywell had made, used or sold in Minnesota any machine or device embodying the patented invention. For this reason, we believe the order transferring the case to the District of Minnesota should be vacated, and the motion to transfer reconsidered on the basis of such additional evidence as the parties may introduce with respect to the question whether the action "might have been brought" in that district. Cf. Platt v. Minnesota Mining & Mfg. Co., 376 U.S. 240, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964). We assume that the respondent will act in accordance with these views, and that the writ prayed for need not be issued.

---

1. Since Honeywell is incorporated in Delaware, it does not "reside" in Minnesota. Fourco Glass Co. v. Transmirra Products

Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L. Ed.2d 786 (1957).