**Winthrop J. ALLEGAERT, as Trustee in Bankruptcy of duPont Walston Incorporated, Plaintiff,**

v.

**CHEMICAL BANK, Defendant.**

**No. 74 Civ. 1516.**

United States District Court,
E. D. New York.

June 14, 1977.

See also D.C., 418 F.Supp. 690.

**686**

Hughes, Hubbard & Reed, New York City, for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

## OPINION AND ORDER

PLATT, District Judge.

The defendant moves pursuant to 28 U.S.C. § 1404(a) for an order transferring this action to the Southern District of New York.

The plaintiff in this action is the trustee in bankruptcy of duPont Walston Incorporated ("Walston"), and he seeks to set aside as voidable preferential or fraudulent transfers within the meaning of Bankruptcy Act §§ 60(b), 67(d)(6) and 70(e), 11 U.S.C. §§ 96(b), 107(d)(6) and 110(e), the New York State Debtor and Creditor Laws and the common law, payments in excess of $2.5 million by Walston to Security National Bank on the eve of Walston's petition for an arrangement under Chapter XI of the Bankruptcy Act.

This action was commenced in October of 1974 against the Security National Bank. That bank was a national bank subject to the National Bank Venue Statute, 12 U.S.C. § 94. The complaint alleged and the defendant admitted (Answer # 4) that the bank was "established" in the Eastern District of New York, and thus venue was proper in this district.

On March 5, 1975, Security National Bank underwent a forced liquidation and the majority of its assets and liabilities, including the Trustee's claims in this action, were assumed by the Chemical Bank, and that bank was substituted as the defendant in this action.

I

The transfer of venue statute, 28 U.S.C. § 1404(a), reads as follows:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The first issue on this motion is whether this action "might have been brought" in the Southern District of New York. The parties do not contest that the suit was properly brought here against the Security National Bank and that venue is proper against the Chemical Bank in the Southern District. There also appears to be no dispute that venue would have been improper for the Security National Bank in the Southern District. The sole dispute is at what time the "where it might have been brought" language of § 1404(a) is effective. If it is at the time the suit was brought, then transfer is not permitted. If it is at the time Chemical assumed the liabilities of Security or at the time the motion was made, then transfer is permitted.

The leading case interpreting § 1404(a) is *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). In that case the defendants sought transfer to a district where the plaintiffs could not have brought the suit originally. However, since the defendants were willing to waive any venue objections to the transferee district, the plaintiffs could have brought the suit there at the time of the motions. The Court discussed § 1404(a) as follows (363 U.S. at 342, 80 S.Ct. at 1089):

"Petitioners' 'thesis' and sole claim is that § 1404(a), being remedial, *Ex parte Collett*, 337 U.S. 55, 71, 69 S.Ct. 944, 946, 93 L.Ed. 1207, should be broadly construed, and, when so construed, the phrase 'where it might have been brought' should be held to relate not only to the time of the bringing of the action, but also to the time of the transfer; and that 'if at such time the transferee forum has the power to adjudicate the issues of the action, it is a forum in which the

action might *then* have been brought.' (Emphasis added.) They argue that in the interim between the bringing of the action and the filing of a motion to transfer it, the defendants may move their residence to, or, if corporations, may begin the transaction of business in, some other district, and, if such is done, the phrase 'where it might have been brought' should be construed to empower the District Court to transfer the action, on motion of the defendants, to such other district; and that, similarly, if, as here, the defendants move to transfer the action to some other district and consent to submit to the jurisdiction of such other district, the latter district should be held one 'in which the action might *then* have been brought.' (Emphasis added.)

"We do not agree." (Footnote omitted).

The case at bar is similar to the example discussed and rejected in the above quotation where a corporation begins the transaction of business in a new district after the filing of a suit, and we see no reason why *Hoffman* should not be controlling here. The holding of *Hoffman* which has been repeated in cases since then is that § 1404(a) looks to the time the suit was brought not to any later time, *Illinois Scientific Developments, Inc. v. Sirica,* 133 U.S. App.D.C. 249, 410 F.2d 237 (1968); *Azriel v. Frigitemp Corp.,* 397 F.Supp. 871 (E.D.Pa. 1975); *Harry Rich Corp. v. Curtiss-Wright Corp.,* 308 F.Supp. 1114 (S.D.N.Y.1969), and so transfer is not permitted in this case under § 1404(a).

In opposition to this, the defendant argues that this action was not "brought" against Chemical Bank until Chemical was substituted for Security National Bank citing *Philip Carey Mfg. Co. v. Taylor,* 286 F.2d 782 (6th Cir.), *cert. denied,* 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961), and *Roberts Bros., Inc. v. Kurtz Bros.,* 236 F.Supp. 471 (D.N.J.1964), but these cases, if at all relevant, do not alter the holding of *Hoffman* and so do not help the defendant here.

The defendant also cites *Wyndham Associates v. Bintliff,* 398 F.2d 614 (2d Cir.), *cert. denied,* 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968). That case is relevant, but it hardly supports the defendant's position as the Court held that transfer was properly denied as to the Chase Manhattan because the bank could only be sued where it was established under the National Banking Act.

Finally, we think that when Chemical assumed the liabilities of Security and was substituted for it, Chemical "stepped into the shoes" of Security and cannot now argue that the suit was not brought until the substitution.

Therefore, we hold that this action could not have been brought in the Southern District within the meaning of § 1404(a), and so defendant's motion must be denied.

II

As an alternative ground for denying this motion, we note that even if the suit could have been brought in the Southern District, we do not think the "interests of justice" would be served by such a transfer. The defendant argues that there is a related case in the Southern District and that a transfer would avoid the problems of dual litigation. However, in an earlier opinion in this case, *Allegaert v. Chemical Bank,* 418 F.Supp. 690, 693 (E.D.N.Y.1976), this Court dismissed one of the defenses of the defendant and stated as follows:

"First, the conclusion we have reached will have the extra advantage of allowing the parties and this Court to avoid in this action the wasteful duplication of the necessarily involved Southern District discovery proceedings on the Walston-DGF relationship and to avoid any possible inconsistencies in results in the two litigations."

Therefore, as this Court has already held, in effect, that the Southern District case is a different action, we do not find the defendant's argument persuasive.

The defendant's motion must be, and the same hereby is, denied.

SO ORDERED.