**Virginia GARDNER, Plaintiff,**

v.

**Louis NIZER and Doubleday & Company, Inc., Defendants.**

**No. 73 Civ. 4982.**

United States District Court, S. D. New York.

May 30, 1975.

Emile Z. Berman and A. Harold Frost, New York City, for plaintiff; Howard Lester, New York City, of counsel.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendant Nizer; George Berger, New York City, of counsel.

Satterlee & Stephens, New York City, for Doubleday & Co., Inc.; Robert M. Callagy, New York City, of counsel.

MEMORANDUM

BONSAL, District Judge.

Defendants' attorneys, Messrs. Phillips, Nizer, Benjamin, Krim & Ballon ("Phillips, Nizer") for Louis Nizer and Messrs. Satterlee & Stephens for Doubleday & Company, Inc. ("Doubleday"), each move for costs and attorneys' fees for services rendered and disbursements. 17 U.S.C. § 116. Phillips, Nizer applies for $12,999.62 in attorneys' fees and

**64**

$593.26 in disbursements, and Satterlee & Stephens applies for $4,000 in attorneys' fees and $300 in disbursements.

This action was instituted by plaintiff Virginia Gardner for alleged statutory copyright infringement. Plaintiff alleged in her complaint that a book authored by her, entitled *The Rosenberg Story*, bearing the statutory copyright No. A146205 registered in the name of Masses & Mainstream, Inc. and allegedly assigned to her, had been infringed by a book written by defendant Nizer and published by Doubleday, entitled *The Implosion Conspiracy*. Defendants' motion for summary judgment was granted by this Court on February 24, 1975 on the grounds that plaintiff had no valid copyright interest in most of the allegedly infringed passages since her claim was based upon an orally-transferred copyright and there was no significant infringement in the remaining passages. *See* 17 U.S.C. §§ 7, 28; Gardner v. Nizer, 391 F.Supp. 940 (S.D.N.Y.1975).

Plaintiff objects to the applications for attorneys' fees on the ground that she brought the action in good faith and in reliance upon conferences with counsel leading her to believe she had a valid cause. She states that she was not warned of the potential costs involved in maintaining the action, and that, as a senior citizen who must live on a limited income (derived from part-time typing and Social Security benefits), she cannot afford to pay attorneys' fees.

*Legal Standard for Award of Costs and Attorneys' Fees*

■ The Copyright Law awards costs to the prevailing party as a matter of course and provides that the court may exercise its discretion to award a "reasonable attorney's fee as part of the costs." 17 U.S.C. § 116; Orgel v. Clark Boardman Co., 301 F.2d 119 (2d Cir. 1962), cert. denied, 371 U.S. 817, 83 S. Ct. 31, 9 L.Ed.2d 58 (1962); Robinson v. Bantam Books, Inc., 339 F.Supp. 150, 157–58 (S.D.N.Y.1972); Baccaro v. Pisa, 252 F.Supp. 900, 906 (S.D.N.Y. 1966). An award of counsel fees is "considered in the nature of a penalty which the Court has the discretionary power to impose on the losing party" and "represents a penalty imposed upon the plaintiff for institution of a baseless, frivolous, or unreasonable suit, or one instituted in bad faith." Breffort v. I Had a Ball Co., 271 F.Supp. 623, 627 (S.D.N.Y.1967) (Mansfield, J.)

■ While the Court found that plaintiff's claim was demonstrably lacking in merit and bordered on "unreasonable," it does not appear to have been "frivolous" or to have been brought in "bad faith." *See* Breffort v. I Had a Ball Co., *supra*; Burnett v. Lambino, 206 F.Supp. 517, 518–19 (S.D.N.Y.1962) (Feinberg, J.); Cloth v. Hyman, 146 F. Supp. 185, 193 (S.D.N.Y.1956). In addition, plaintiff is an elderly woman with limited income and relied upon the advice of counsel in bringing the action.

For the foregoing reasons, both applications for attorneys' fees are denied. However, defendants' attorneys' disbursements ($593.26 for Phillips, Nizer and $300 for Satterlee & Stephens) will be included in the costs to be taxed in favor of the defendants. Insofar as this Court's Order dated March 10, 1975 provides for an award of reasonable attorneys' fees,* it is modified accordingly.

Settle order on notice.

---

\* Plaintiff's attorneys, Messrs. Berman & Frost, state that plaintiff's failure to object to the entry of judgment providing for attorneys' fees was caused by her attorneys' intra-office confusion due to the death of a partner of the firm.