**WAINWRIGHT SECURITIES INC., Plaintiff,**

v.

**WALL STREET TRANSCRIPT CORPORATION and Richard A. Holman, Defendants.**

No. 76 Civ. 3053.

United States District Court, S. D. New York.

Oct. 4, 1978.

Cahill Gordon & Reindel, New York City, for plaintiff; Roy L. Regozin, John A. Shutkin, New York City, of counsel.

Townley & Updike, New York City, for defendants; Richard J. Barnes, Susan M. Campbell, New York City, of counsel.

LASKER, District Judge.

Until February 1, 1978, H. C. Wainwright & Co. (later Wainwright Securities, Inc.) was engaged in the business of preparing investment research reports for institutional investors. The Wall Street Transcript, a financial weekly newspaper, publishes summaries and abstracts of such reports. In 1976, Wainwright began copyrighting its research reports, and later that year brought this action for copyright infringement against the Transcript and Richard Holman, its owner (collectively, the Transcript). This court granted a preliminary injunction barring the Transcript from publishing abstracts of any of Wainwright's copyrighted reports. *H. C. Wainwright & Co. v. Wall Street Transcript Corp.*, 418 F.Supp. 620 (S.D.N.Y.1976). The Court of Appeals affirmed, *Wainwright Securities, Inc. v. Wall Street Transcript Corp.*, 558 F.2d 91 (2d Cir. 1977), and the Supreme Court denied the Transcript's petition for a writ of certiorari, 343 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 759 (1978).

On February 1, 1978, Wainwright ceased doing business and began liquidation. It now moves to dismiss this suit with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1] The Tran-

---

1. Rule 41(a) provides:
 Rule 41. Dismissal of Actions
 (a) Voluntary Dismissal: Effect Thereof.
 (1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dis-

script opposes Wainwright's motion, and moves for leave to assert counterclaims for a declaratory judgment that its activity did not constitute copyright infringement, and for damages suffered as a consequence of the preliminary injunction. The Transcript's avowed purpose is to "prevent discontinuance of this action before any final determination on the merits is reached."[2]

## I.

Under Rule 41(a)(2) "[t]he essential question is whether the dismissal of the action will be unduly prejudical to the defendants; if so, plaintiffs' motion should be denied. If not, it should be granted upon such terms and conditions as are fair and just." *Harvey Aluminum, Inc. v. American Cyanamid Co.,* 15 F.R.D. 14, 18 (S.D.N.Y. 1953) (Weinfeld, J.). This rationale applies even when, as here, the plaintiff seeks a dismissal *with prejudice,* although it is of course relevant that a dismissal with prejudice has the effect of a final adjudication on the merits favorable to the defendant. *Beaver Associates v. Cannon,* 59 F.R.D. 508, 510 (S.D.N.Y.1973); *Hudson Engineering Co. v. Bingham Pump Co.,* 298 F.Supp. 387, 388–89 (S.D.N.Y.1969); *see M. A. Gammino Construction Co. v. Great American Insurance Co.,* 52 F.R.D. 323, 325 & n. 3 (D.R.I. 1971); *Routed Thru-Pac, Inc. v. United States,* 401 F.2d 789, 795–96, 185 Ct.Cl. 428 (1968). The question, then, is whether the Transcript will be unduly prejudiced if Wainwright's motion is granted.

The Transcript argues that dismissal will prejudice it in two ways: First, dismissal without a trial will deprive the Transcript of an opportunity to "vindicate" itself, and will leave standing two opinions (that of this court and that of the Court of Appeals) that are claimed to "chill" the Transcript's first amendment rights, an effect that the Transcript contends will be detrimental not only to it but to the public. Second, the Transcript asserts that if this case is dismissed the only way it could recover on the injunction bond would be to commence a new suit against Wainwright or the surety, a suit that it claims would require litigation of the very issues that it seeks to adjudicate here. Although earnestly pressed, the arguments do not carry the day.

The Transcript contends that if Wainwright is allowed to discontinue this suit, the Transcript will be unable to rebut any implication in the two opinions in this case that investment research firms can invoke the Copyright Act in order to prevent it from publishing abstracts of their research reports. This, the Transcript claims, will chill its first amendment rights. The Transcript, however, offers nothing to support this proposition beyond a speculative allegation. It does not assert that it no longer publishes abstracts of research reports, or that it does so now with greater circumspection than before, or that it has been constrained in its expression or publication in any other way. In short, the Transcript has not substantiated its claim that dismissal will chill its first amendment rights.

Moreover, the Transcript presented its first amendment argument on the motion for a preliminary injunction, and this court and the Court of Appeals considered the proposition. Although the Transcript now contends that the preliminary injunction was entered on less than a full record, it has not specified any evidence that it would present now or arguments that it would make now that could not have been made or were not made and considered in the earlier proceedings.

missed in any court of the United States or of any state an action based on or including the same claim.

(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counter claim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

2. Memorandum of law in Support of Defendants' Motion for Leave to File a First Amended Answer and Counterclaims at 5.

█ The Transcript contends that since dismissal of the action would leave the issue of the case unresolved, it will be subjected to the burden of litigating future actions brought by other firms which, like Wainwright, prepare copyrighted investment research reports. Yet, as Judge Weinfeld noted in *Harvey Aluminum, Inc. v. American Cyanamid Co.,* 15 F.R.D. 14 (S.D.N.Y. 1953), which involved a motion to dismiss *without* prejudice where the plaintiffs' purpose was to commence a new litigation upon the same issues in a forum allegedly more favorable to their suit, "the mere fact that a party will be faced with another litigation does not of itself constitute prejudice." *Id.* at 18; *accord, LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir. 1976); *Selas Corp. of America v. Wilshire Oil Co.,* 57 F.R.D. 3, 6 (E.D.Pa.1972); *see Jones v. Securities & Exchange Commission,* 298 U.S. 1, 19, 56 S.Ct. 654, 80 L.Ed.2d 1015 (1936). If a defendant is not prejudiced within the meaning of the rule when a plaintiff seeks dismissal for the purpose of asserting its claim in another suit, certainly the Transcript is not "unduly prejudiced" here, where Wainwright is willing to forgo its claim altogether, simply because someone else may sue on a similar cause of action.

█ In sum, the fact that if Wainwright's motion is granted the Transcript will not be able to pursue the litigation, with whatever result, does not constitute undue prejudice within the meaning of Rule 41(a)(2).

Rule 65(c), Fed.R.Civ.P., requires that a party seeking an injunction give security "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." As a condition to the grant of the preliminary injunction in this action, Wainwright posted two bonds in an aggregate amount of $5,000. The Transcript's second claim of prejudice is that if Wainwright's motion to dismiss is granted, it will have to bring an independent action on the bond if it is to recover for the injuries it allegedly suffered as a result of the preliminary injunction. Thus, the Transcript argues, granting Wainwright's motion would not only prejudice it but would be contrary to the "salutary policy of encouraging the quieting and settlement of controversies" that underlies Rule 41. *Goldlawr, Inc. v. Shubert,* 32 F.R.D. 467, 469 (S.D.N.Y.1962).

If Wainwright were seeking a dismissal without prejudice, the Transcript's argument would surely have merit. *See American Bible Society v. Blount,* 446 F.2d 588, 594–95 & 595 n. 12 (3d Cir. 1971); *Meyers v. Jay Street Connecting Railroad,* 288 F.2d 356, 358 (2d Cir. 1961). However, Wainwright seeks a dismissal with prejudice, which has the effect of a final adjudication on the merits favorable to the defendant. "A dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and bars further action between the parties." *Glick v. Ballentine Produce, Inc.,* 397 F.2d 590, 593 (8th Cir. 1968); *accord, Smoot v. Fox,* 340 F.2d 301, 303 (6th Cir. 1964); *Slotkin v. Brookdale Hospital Center,* 377 F.Supp. 275, 277 (S.D. N.Y.1974); *Hudson Engineering Co. v. Bingham Pump Co.,* 298 F.Supp. 387, 389 (S.D.N.Y.1969); *see Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 327, 75 S.Ct. 865, 99 L.Ed. 1122 (1955). What authority there is supports the conclusion that dismissal with prejudice here would establish the Transcript's right to compensation from the bond for any damages it may have suffered because of the issuance of the injunction. "[T]he generally adopted position [is] that the voluntary dismissal of an injunction suit by a plaintiff without the consent of the defendant is a determination of the merits of a controversy so as to render the plaintiff and his sureties liable on the injunction bond." *Middlewest Motor Freight Bureau v. United States,* 433 F.2d 212, 243 (8th Cir. 1970), *cert. denied,* 402 U.S. 999, 91 S.Ct. 2169, 29 L.Ed.2d 165 (1971); *accord,* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2972 at 649 (1973); *see Janssen v. Shown,* 53 F.2d 608, 610–12 (9th Cir. 1931).

Wainwright argues that insofar as the Transcript has pursued the question of the preliminary injunction's propriety to the United States Supreme Court, it has been conclusively determined that the Transcript was not "wrongfully enjoined," and consequently that it will not be liable on the bond even if its suit is dismissed with prejudice. This argument is unpersuasive. Wainwright misconstrues the sense in which "wrongfully" is used in Rule 65(c). The purpose of an injunction bond is not simply to protect the enjoined party from injury suffered because the trial court may have abused its discretion in granting a preliminary injunction, but to indemnify the enjoined party if ultimately it is held that that party had at all times the right to do the enjoined act. Since interlocutory review of an order granting a preliminary injunction is limited to determining whether the trial court abused its discretion, *Joshua Meier Co. v. Albany Novelty Manufacturing Co.,* 236 F.2d 144, 146 (2d Cir. 1956), affirmance of such an order does not amount to a determination that the appellant was not "wrongfully enjoined."

Cases such as *Future Fashions Inc. v. American Surety Co.,* 58 F.Supp. 36 (S.D. N.Y.1944), and *Northeast Airlines, Inc. v. Nationwide Charter & Conventions, Inc.,* 413 F.2d 335 (1st Cir. 1969), cited by Wainwright, are not inconsistent with this view. In *Future Fashions,* the court held that an enjoined party could recover on an injunction bond when the order granting the preliminary injunction was reversed on appeal, even though the case had not proceeded to the merits. In *Northeast Airlines* the district court initially granted an injunction that was found on appeal to be too broad and was vacated in part. On remand, the district court made extensive findings of fact and reinstituted its original injunction. This time, on appeal, the injunction was found to be proper. The First Circuit nonetheless held that the defendants were entitled to proceed against the bond because the first injunction was overly broad in view of the record on which it was granted.

These cases stand for the proposition that when a trial court is found to have abused its discretion in granting an injunction, the injunction was "wrongful." This does not mean that when the trial court is found not to have abused its discretion the injunction was not "wrongful." "[A] temporary injunction may be wrongfully issued although the issuance may not have been improvident as an abusive exercise of the trial court's discretion." *Atomic Oil Co. v. Bardahl Oil Co.,* 419 F.2d 1097, 1099 (10th Cir. 1969), *cert. denied,* 397 U.S. 1063, 90 S.Ct. 1500, 25 L.Ed.2d 685 (1970); *accord, American Bible Society v. Blount,* 446 F.2d 588, 594–95 & 595 n. 12 (3d Cir. 1971); *see Meyers v. Jay Street Connecting Railroad,* 288 F.2d 356, 360 (2d Cir. 1961). Here, the Transcript claims that it had a right to publish abstracts of Wainwright's research reports. It is true that this court, in granting Wainwright's injunction, considered the legal bases of the parties' claims at length, and determined that Wainwright was likely to prevail on the merits. But neither this court's decision nor the Court of Appeals' affirmance was a final resolution of the rights of the parties. If this matter were to proceed to trial, and the Transcript were to prevail, it would have the right to compensation from the bond for any damages it may have suffered because of the injunction. The Transcript's unsuccessful appeal of the order granting the injunction would not foreclose recovery, since that appeal did not settle the question of whether the Transcript was "wrongfully enjoined." On the other hand, voluntary dismissal of the action with prejudice and without the consent of the defendant does settle the question. Accordingly, the Transcript's rights under this injunction bond will not be prejudiced if Wainwright's motion is granted.

The Transcript's primary concern seems to be that "the prior decisions of this Court and the Court of Appeals in this suit may be used against the Transcript by brokerage houses other than Wainwright seeking to restrict or bar news reportage of their reports, and even against publications other

than the Transcript." [3] Certainly the Transcript would rest easier if the issue of the case were specifically resolved in its favor, but this consideration is not of sufficient weight to impose upon a plaintiff whose business is being discontinued in good faith the expense of pursuing a suit which is no longer relevant to its affairs. If someone other than Wainwright does seek to restrict the Transcript's coverage of research reports, the Transcript will of course be free to press its first amendment arguments, either in defense of a suit brought by another, or in a declaratory judgment action.[4] If no such action arises it would follow that the Transcript's fears are quite probably unfounded.

For the reasons stated, Wainwright's motion to dismiss with prejudice is granted, subject to the Transcript's right to establish its costs and damages, if any, flowing from the existence of the preliminary injunction.

## II.

The Transcript moves that it be awarded costs and attorney's fees if Wainwright's motion is granted. The controlling statute [5] is 17 U.S.C. § 116 (1976) [Act of July 30, 1947, ch. 391, § 116, 61 Stat. 652], which provides:

"In all actions, suits, or proceedings under this title, except when brought by or against the United States or any officer thereof, full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs."

 Section 116 mandates an award of costs to the "prevailing party." *H. M. Kolbe Co. v. Armgus Textile Co.,* 315 F.2d

70, 75 (2d Cir. 1963); *Amsterdam v. Triangle Publications, Inc.,* 189 F.2d 104, 107 (3d Cir. 1951); *Edward B. Marks Music Corp. v. Foullon,* 171 F.2d 905, 908 (2d Cir. 1949) (L. Hand, J.); *Robinson v. Bantam Books, Inc.,* 339 F.Supp. 150, 157 (S.D.N.Y.1972); 3 M. Nimmer, Copyright § 14.09 (1978). As noted in the preceding discussion, a dismissal with prejudice has the effect of a final adjudication on the merits favorable to the defendant. In the circumstances, the Transcript is deemed the prevailing party, entitled to recover its costs.

 On the other hand, an award of attorney's fees under § 116 is not mandatory but rather a matter for the court's discretion. In copyright cases, attorney's fees are generally not awarded to a successful defendant except as "a penalty imposed upon the plaintiff for institution of a baseless, frivolous, or unreasonable suit, or one instituted in bad faith." *Breffort v. I Had a Ball Co.,* 271 F.Supp. 623, 627 (S.D.N.Y. 1967) (Mansfield, J.); *accord, Gardner v. Nizer,* 396 F.Supp. 63, 64 (S.D.N.Y.1975); *see Rose v. Bourne, Inc.,* 176 F.Supp. 605, 612 (S.D.N.Y.1959), *aff'd,* 279 F.2d 79 (2d Cir.), *cert. denied,* 364 U.S. 880, 81 S.Ct. 170, 5 L.Ed.2d 103 (1960); 3 M. Nimmer, Copyright § 14.10[D] (1978). Wainwright's suit was clearly not baseless, frivolous, unreasonable or instituted in bad faith. Accordingly, the Transcript's request for attorney's fees is denied. For similar reasons, Wainwright's request that it be awarded costs and attorney's fees related to its defense of the Transcript's motion for leave to assert counterclaims is also denied.

Submit order on notice.

---

**3.** Affidavit of Richard J. Barnes in support of defendants' Motion for Leave to File Amended Answer and Counterclaims at 5.

**4.** In its motion for leave to assert counterclaims, the Transcript seeks a declaratory judgment against Wainwright. This effort is misdirected, however, because it does not appear that the court could entertain the counterclaim even were it inclined to do so. Since Wainwright no longer produces research reports, the copyright infringement issue appears to be moot except with regard to the reports that are

the subject of the present action. With regard to those reports, the dismissal of the action with prejudice extinguishes the controversy between the parties.

**5.** Because Wainwright commenced this action in 1976, the 1976 revision of the Copyright Act, 17 U.S.C.App. §§ 101–810 (1976), which became effective January 1, 1978, Act of October 19, 1976, Pub.L.No.94–553, § 102, 90 Stat. 2541, does not apply to this litigation.