**Donna FERRATO, Plaintiff,**

v.

**Eva Rivera CASTRO, Defendant.**

**No. 94 Civ. 2009 (WK).**

United States District Court,
S.D. New York.

June 6, 1995.

Steven H. Robinson, Nims, Howes, Collison, Hansen & Lackert, New York City, for plaintiff.

Fernando Tapia, Francisco Guzman, New York City, for defendant.

*OPINION AND ORDER*

WHITMAN KNAPP, Senior District Judge.

Plaintiff moves for a voluntary dismissal with prejudice under Fed.R.Civ.P. 41(a)(2) in this copyright infringement action,[1] claiming that she no is longer able to prosecute her suit. For reasons which follow, we grant her motion.

**BACKGROUND**

Plaintiff is a prominent photojournalist who is best known for her work documenting domestic violence against women. In 1991, Aperture Foundation, Inc. published some of plaintiff's photographs of victims of such violence in a book entitled *Living with the Enemy.* By agreement with Aperture plaintiff retained sole ownership of the copyright interest in all of the photographs published in the book. Several copyright notices appear on the inside cover of *Living with the Enemy,* including a notice of plaintiff's ownership of the copyright in her photographs. *Living with the Enemy* has attracted national attention and received significant critical success. As of March, 1994, approximately 10,000 copies of the book had been sold.

The complaint alleges that during 1992 defendant created a "mixed media" collage (to which she gave no name) under the supervision of the Whitney Museum Independent Studies Program of New York City. The collage incorporates sixteen images, eight of which are either photographs cut out of *Living with the Enemy* or photocopies of such photographs. Defendant, however, neither sought nor obtained permission from plaintiff to use those photographs in her work.

Plaintiff alleges that based on representations made by defendant that she had created or obtained authorization to use all the images contained in her collage, the Whitney Museum selected it for exhibition in a show entitled "The Subject of Rape." Displayed next to defendant's piece at the show was a small card stating that it was an original

---

1. The complaint also states claims for trademark infringement under 15 U.S.C. § 1125(a)(1) and

for unfair competition under New York common law.

work of art created by defendant which confronts the issue of rape. "The Subject of Rape" appeared at the main branch of the Whitney Museum on Madison Avenue, New York City, and was open to the general public, by paid admission, between June 23, 1993 and August 29, 1993. Defendant's piece also appears in a catalogue of the show produced by the Whitney Museum, which it sold to the general public between June 23, 1993 and March 23, 1994, for $12.95.

In May, 1994, defendant moved for summary judgment on plaintiff's copyright claims, asserting that the "fair use" provision of the Copyright Act, 17 U.S.C.A. § 107 (1977 & Supp.), applied to her collage. During a conference held briefly thereafter, we adjourned the return date of that motion indefinitely to allow the parties to negotiate a satisfactory settlement or, alternatively, to engage in discovery necessary to resolve the outstanding summary judgment motion. Settlement negotiations failed and discovery proceeded. At a conference on February 7, 1995, we scheduled the completion of discovery and ordered that plaintiff file her response to defendant's motion by May 8, 1995.

Plaintiff filed this motion for a voluntary dismissal on May 3, 1995. In its support plaintiff has filed an affidavit in which she states that for a variety of personal and professional reasons she no longer has the time, energy or financial resources to pursue this action.

## DISCUSSION

Rule 41(a)(2) provides in pertinent part (footnote supplied):

> Except as provided in paragraph (1) of this subdivision of this rule,[2] an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The question presented by a Rule 41(a)(2) motion is "whether the dismissal of the action will be unduly prejudicial to the defendants;

if so, plaintiffs' motion should be denied." *Harvey Aluminum, Inc. v. American Cyanamid Co.* (S.D.N.Y.1953, Weinfeld, J.) 15 F.R.D. 14, 18.

Here plaintiff has requested a dismissal *with prejudice*. In such an instance "it is of course relevant that a dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant." *Wainwright Securities, Inc. v. Wall Street Transcript, Corp.* (S.D.N.Y.1978, Lasker, J.) 80 F.R.D. 103, 105.

Defendant objects to the dismissal sought by plaintiff inasmuch as it would fail to insulate her from future lawsuits by plaintiff's licensees or assignees in the event defendant's collage is displayed or published in the future. Alternatively, defendant asks us to include the following statement as part of our dismissal order:

> Inasmuch as dismissal with prejudice is deemed to be on the merits where it is based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends and it being shown that the Plaintiff in her pleadings alleges inter alia that defendant infringed her copyrights as to photographs in her book "Living with the Enemy," and it further being asserted by Defendant as an affirmative defense that Defendant made "Fair Use" of said photographs as used in Defendant's collage and there having been brought before this Court by Plaintiff a motion in *Ferrato v. Castro,* 94 Civ. 2099 for an order dismissing with prejudice the present case. I, the Honorable Whitman Knapp, hereby dismiss the aforementioned case with prejudice as against the Plaintiff. Said dismissal having the tantamount force of defendant prevailing on her affirmative defense of fair use this order will have res judicata force upon Plaintiff's assigns and licensees.

The difficulty with defendant's request is that it grants her more relief than she could obtain should we compel the trial to proceed and ultimately render judgment dismissing the complaint on grounds of fair use. Such a judgment would establish only that *this par-*

---

**2.** Fed.R.Civ.P. 41(a)(1) provides for the voluntary dismissal of an action by plaintiff prior to the filing of an answer (or motion for summary judgment), or thereafter, by stipulation of the parties.

*ticular* use by defendant of plaintiff's photographs in her collage—i.e., displaying it at the Whitney Museum and allowing it to be published in an exhibition catalogue—was "fair" under the Copyright Act. We have no way of knowing where and under what circumstances defendant's collage may be displayed or published in the future, and whether or not any such display or publication would constitute fair use of plaintiff's photographs.

As defendant has failed to establish that a dismissal of this action with prejudice will cause her any undue prejudice, we grant plaintiff's motion. Moreover, failing to see what purpose the statement proposed by defendant would serve, we impose no conditions on the dismissal.

## CONCLUSION

For reasons noted above, we dismiss this action with prejudice.

**SO ORDERED.**