Louis L. Feiedman, J.
Motion by plaintiff to cancel and discharge of record a lis pendens filed in a mortgage foreclosure action. The defendant, Fanny Rosen, owner of the subject property at the time of the commencement of the foreclosure action, conveyed it to her son, plaintiff’s husband, by deed recorded May 2, 1955. The mortgage sought to be foreclosed was satisfied of record on October 7, 1957. Fanny Rosen was the only defendant to appear in said action. Her answer contained an affirmative defense and counterclaim to the effect that plaintiff purchased the mortgage with funds obtained from her husband which in reality belonged to defendant, in a conspiracy to deprive her of her property. The answer asked for an accounting and the setting aside of certain instruments not relevant to the foreclosure action. The attorneys who represented said defendant in the foreclosure action appear on this motion for the purpose of determining their lien.
Plaintiff contends that the foreclosure action was. settled and discontinued on April 21, 1955 and she is, therefore, entitled to have the Us pendens cancelled and discharged of record. The only evidence of the facts before the court is the statement of plaintiff’s attorney that after defendants’ attorneys were discharged in July, 1954, the action appeared on the calendar of the Official Referee on or about April 21, 1955 and was then marked settled and discontinued. While not denying that the case was so marked on the calendar, defendants’ attorneys deny their discharge or any knowledge of the appearance of the action on the calendar or of any settlement or discontinuance thereof. There have been no steps taken in the action since April 21, 1955.
Section 123 of the Civil Practice Act provides that “ after the action is settled, discontinued or abated * * * the court, upon the application of any person aggrieved and upon such notice as may be directed or approved by it, shall direct that a notice of the pendency of an action be cancelled of record ”.
The papers before the court do not indicate the action was discontinued in accordance with the provisions of rule 301 of the Rules of Civil Practice, nor settled as required by section 123 of the Civil Practice Act. The word ‘‘ settled,” “as applied to legal proceedings or disputes between men, is defined as an adjustment of differences or accounts, or as coming to an agreement.” (Walsh v. New York Cent. & Hudson Riv. R. R. Co., 204 N. Y. 58, 64.)
Marking the case “ settled and discontinued ” on the call of the calendar indicates that an agreement to settle the action *637 had been made between the parties. If so, such 1 ‘ settlement was made, not subject to judicial action, but by contract.” (Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435, 446.) “ A contract of settlement, if valid in itself, is final and is to be sustained by the court without regard to the validity of the original claim.” (Yonkers case, supra, p. 444.)
Since it does not affirmatively appear that an agreement to settle the action was actually made between the parties, the court may not make such a finding herein.
But there is sufficient evidence herein to warrant a finding that the action by the plaintiff against the defendant to foreclose the mortgage abated upon the filing of the satisfaction of mortgage.
The primary object of the action was to foreclose the mortgage which plaintiff held upon defendant’s property. It is a matter of record, and uncontroverted, that such mortgage no longer is in existence by virtue of the filing of the satisfaction. By reason of such satisfaction and consequent cancellation of the mortgage, there can no longer be any action to foreclose the mortgage. The act of canceling the mortgage by the plaintiff completely destroyed the plaintiff’s cause of action to foreclose such mortgage. “ An action does not abate by any event if the cause of action survives or continues.” (Civ. Prac. Act, § 82.) The plaintiff’s cause of action came to an end and abated as it did not survive the occurrence of such event, to wit, the discharge and cancellation of the mortgage.
The action to foreclose the mortgage having abated, it is mandatory upon the court to order the cancellation of the lis pendens (Jarvis v. American Forcite Powder Mfg. Co., 93 App. Div. 234).
In this connection, it is well to recall the nature and purpose of the lis pendens, a notice of. pendency of action.
A “ ‘ lis pendens is merely notice of some claim made in respect of the property which is the subject of the suit, but that it does not, of itself, create an encumbrance apart from the equity on which the action is founded * * *.’ ” (Simon v. Vanderveer, 155 N. Y. 377, 382.) (Italics supplied.)
A Us pendens does not create a lien upon the property (Hayes v. Nourse, 114 N. Y. 595; Baecht v. Hevesy, 115 App. Div. 509).
The attorneys for defendant Rosen in the foreclosure action here seek a determination of their lien for services rendered in connection with the prosecution of the counterclaim therein. Claim is made that they also performed other legal services for said defendant in the reasonable value of $1,000 for which, they have not been compensated. As part of such legal services they *638 sought to institute a proceeding to inquire into the mental competency of their client pursuant to a suggestion of Mr. Justice JoHnsTon, but claim they were prevented from furthering said proceeding as their client was kept hidden by her son, plaintiff’s husband, and could not be located for psychiatric examination.
In this matter it is unknown what are the “ proceeds,” if any, of the alleged settlement. Until the attorneys are able to demonstrate to the court what constitutes the proceeds to which they claim their lien attaches, the court will be unable to make a specific finding of the existence of such lien.
As hereinbefore explained, the defendant’s attorneys can have no interest or lien on the lis pendens as that is simply a notice of pendency that a foreclosure action, since abated, had been instituted against- the property of the defendant owner. Since the lis pendens created no right or lien, it cannot be the subject of a lien.
While the plaintiff’s action abated, the defendant’s claim may still be in existence if it has not been settled. In such case the attorneys still retain their lien, if any, upon the counterclaim. If the action was settled, the attorneys may have a lien upon the proceeds of settlement, if any.
As to the attorneys’ services rendered in connection with the abortive incompetency proceeding there could be no attorneys’ lien until there had been a successful determination of the proceeding. The proceeding was never instituted. Such lien could in any event attach only to the property of the defendant after a committee had been appointed by the court. Where an alleged incompetent died before a committee was appointed, the court held it was without power to allow a fee to the special guardian who had been appointed by the court, as the incompetency proceeding had abated, and did not survive the occurrence of such event. (Matter of Frank, 283 N. Y. 106.)
Fees due to the attorneys for services rendered in other matters may not be considered as being the proper subject for an attorneys’ lien arising out of the instant action.
Application of attorneys for the defendant for a determination of their lien is denied without prejudice. •
Motion to cancel and discharge the notice of pendency of action is granted. Settle order on notice.