Matthew J. Jasen, J.
This is a motion by plaintiff to (1) strike out paragraph Second of defendants’ answer (wherein they denied any knowledge or information relative to certain paragraphs in the complaint) as sham and frivolous within the meaning of rule 103 of the Rules of Civil Practice and (2) grant judgment to the plaintiffs pursuant to rules 113, 256 and 257 of the Rules of Civil Practice and (3) dismiss the counterclaim pursuant to subdivisions 5 and 6 of rule 109 of the Rules of Civil Practice.
Plaintiffs instituted an action to foreclose a real property mortgage. Defendants had given a bond and mortgage to Riverside Gardens, Inc., on premises located in the County of Niagara; subsequently, certain portions of the mortgaged premises were released; later said mortgage was assigned to the plaintiffs herein. An installment of the mortgage is past due and plaintiffs now demand judgment for the entire balance.
The defendants have denied the allegations contained in the complaint and have set up an affirmative defense and counterclaim. They allege that the lis pendens filed by the plaintiffs on the realty included a portion specifically released from the mortgage lien and that despite defendants’ demands to amend the said lis pendens plaintiffs deliberately refused to do so; that such action by the plaintiffs prevented defendants from disposing or encumbering the premises to their financial damage.
*81 After the service of the summons and complaint, the defendants obtained an order canceling the lis pendens against the portion of the premises previously released from the mortgage lien.
Plaintiffs have conceded that they filed the ‘ ‘ lis pendens against the entire tract, even though one-third of it had been released from the mortgage, because of the overwhelming probability and imminence of a tremendous deficiency judgment.”
Plaintiffs have moved to strike out paragraph Second of the answer under rule 103 of the Rules of Civil Practice. This paragraph Second denied any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs 6, 7, 12, 13, 14 and 15 of the complaint.
The court agrees that there is no merit to the defense herein interposed and since there is no triable issue of fact, the court accordingly strikes out the said answer.
The counterclaim is predicated upon the theory of malicious prosecution or abuse of process. In either event, it purportedly states an action in tort which.this court shall consider.
The counterclaim as set forth by the defendants fails to allege evidentiary facts that the property in question was actually interfered with by the filing of the lis pendens. The filing of a lis pendens is merely notice of some claim made in respect to the property which is the subject of the suit in question. It does not of itself create an incumbrance apart from the equity upon which the action is founded. If it were otherwise, a lis pendens having nothing to do with the matter might create an incumbrance. In this case, the filing of the lis pendens was merely notice of the existence of a foreclosure action and required all persons dealing or intending to deal with the property to look at the proceedings to see whether it did in fact effect the property or not. An examination of the complaint, paragraph 5, would readily reveal that Parcel 1 of the subdivision involved was released from the lien of said mortgage but no release was ever granted with respect to Parcels 2 and 3. Therefore, the crucial allegations of the counterclaim that the lis pendens incumbered the property or created a lien was not sustained in law. (Simon v. Canderveer, 155 N. Y. 377; Schechter v. Rosen, 8 Misc 2d 635; Baecht v. Hevesy, 115 App. Div. 509; Grace v. Bowden, 10 App. Div. 541.)
Harvey on Real Estate Law and Title Closing (3d ed., p. 135) states: “A Us pendens is notice of an action pending and must be duly discontinued and the docket marked ‘ cancelled ’ before title is passed. If the complaint, which must [italics by Harvey] *82 be filed with the lis pendens, states a good cause of action, rejection of title is justified. The validity of the claim, as represented by the subject matter, determines whether it is an incumbrance.”
In Schierloh v. Kelly (253 App. Div. 373, 375), the court held: “ Taking the allegations in the complaint at their face, the lis pendens * * * did interfere with the plaintiff’s property.”
(Italics supplied.)
In the case at bar taking the allegations in the complaint at their face readily shows that Parcel 1 was released from the lien of the mortgage.
Accordingly, for the reasons stated, the counterclaim is insufficient as a matter of law and is dismissed pursuant to rule 109 of the Rules of Civil Practice.
The court appoints Jack W. Hackett, attorney at law, Niagara Falls, New York, as Referee to ascertain and compute the amount due and the amount hereafter to become due, to examine the situation of the mortgaged premises as to whether the same should be sold in parcels or as a single tract, and to report to this court with all convenient speed. Upon the submission of such Referee’s report, judgment of foreclosure and sale as demanded in the complaint shall be granted.