429 A.2d 654

Jack W. BLUMENFELD and Jane Development Corporation,

v.

**R. M. SHOEMAKER CO., Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1980.

Filed May 1, 1981.

Herbert S. Levin, Fox, Rothschild, O'Brien & Frankel, Philadelphia, for appellant.

Milton S. Lazaroff, Philadelphia, for appellees.

Before WICKERSHAM, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that appellees failed to plead or prove causes of action for malicious use of process or abuse of process. We agree and, accordingly, reverse the judgment of the lower court.[1]

In 1968, appellee Jack W. Blumenfeld began preparations to build a high-rise apartment building in Philadelphia. His solely-owned corporation, appellee Jane Development Corporation, took title to the premises in December, 1969. In

---

1. Appellant raises several other issues which we need not address in view of our conclusion that appellees have failed to plead or prove causes of action for malicious use of process or abuse of process.

February, 1970, appellees entered into negotiations with appellant R. M. Shoemaker Co. regarding construction of the project. Appellees discontinued these negotiations on August 6, 1970. On August 17, 1970, a representative of appellant met with an employee of appellees, made various demands for compensation, threatened litigation, and stated that appellant would attempt to halt appellees' project. Appellees subsequently engaged another contractor, received a mortgage commitment, and obtained a building permit. The loan was scheduled to close early in November, and construction was to have commenced soon thereafter.

On October 27, 1970, appellant filed an action in equity alleging a breach of an oral joint venture agreement to construct appellees' apartment building. Additionally, appellant filed a praecipe to have its complaint indexed as a lis pendens against appellees' property. Settlement on the loan was postponed because of the filing of the lis pendens. On November 4, 1970, appellees filed preliminary objections to the complaint and a petition to strike the lis pendens. On December 22, 1970, Judge Edward J. BRADLEY of the Court of Common Pleas of Philadelphia sustained the preliminary objections, transferred the case to the law side of the court, and struck the lis pendens.[2] The loan closed on December 30, 1970, and construction commenced shortly thereafter. Subsequently, after a non-jury trial, Judge Lois G. FORER entered judgment for appellant in the amount of $31,200. This Court affirmed without opinion. *R. M. Shoemaker Co. v. Blumenfeld*, 251 Pa.Super. Ct. 627, 381 A.2d 913 (1977). Appellees unsuccessfully petitioned our Supreme Court for allowance of an appeal.

On January 18, 1972, appellees commenced the instant action in trespass, alleging that appellant had knowingly and maliciously caused its complaint to be indexed as a lis pendens without any factual or legal basis solely for the

**2.** Judge BRADLEY ruled that appellant had an adequate remedy at law and that a lis pendens was inappropriate because appellant's complaint had raised no issue concerning title to real estate. Appellant's interlocutory appeal of that order was quashed by our Supreme Court on June 28, 1971.

purposes of halting appellees' project and inducing a favorable settlement of their contractual dispute. Appellant's preliminary objections asserting, *inter alia*, that appellees' complaint failed to state a cause of action, were overruled. On June 13, 1978, a jury found that appellant had engaged in both malicious use of process and abuse of process, and awarded appellees $225,000 compensatory damages and $25,-000 punitive damages. Appellant's motions in arrest of judgment, for judgment n. o. v., or for a new trial were denied and judgment was entered. This appeal followed.

 Appellant contends that the judgment cannot stand because appellees had failed to allege or prove a seizure of their property, an essential element of their causes of action.[3] "Pennsylvania has long followed the 'English rule'

3. Although litigants frequently alternatively plead causes of action for abuse of process and malicious use of process, our courts have attempted to distinguish the two causes of action.

> Decisions in this state and in other jurisdictions have drawn a distinction between actions for *abuse* of legal process and those for malicious prosecution, which, when founded on civil prosecutions, are usually described as *malicious use* of civil process. The gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it: *Mayer v. Walter*, 64 Pa. 283 [(1870)]; Annotation, 80 A.L.R. 581. "An abuse is where the party employs it for some unlawful object, not the purpose which it is intended by the law to effect; in other words, a perversion of it ... [.] On the other hand, legal process, civil or criminal, may be maliciously used so as to give rise to a cause of action where no object is contemplated ... other than its proper effect and execution": *Mayer v. Walter*, supra, p. 285; *Johnson v. Land Title B. & T. Co.*, 329 Pa. 241, 242, 198 A. 23 [(1938)]. Malicious use of civil process has to do with the wrongful initiation of such process, while abuse of civil process is concerned with a perversion of a process after it is issued.

*Publix Drug Co. v. Breyer Ice Cream Co.*, 347 Pa. 346, 348–49, 32 A.2d 413, 415 (1943). *See also Triester v. 191 Tenants Association*, 272 Pa.Super. 271, 277–81, 415 A.2d 698, 702–03 (1979). The elements of the cause of action for malicious use of process are: the initiation of legal proceedings by the defendant, without probable cause, resulting in the arrest of the plaintiff or the seizure of his property, and ultimately terminating favorably to the plaintiff. *See, e. g., Publix Drug Co. v. Breyer Ice Cream Co.*, supra. Comparably, if a plaintiff is arrested or his property seized through the use of legal process, and the use of such process is not that for which it has been designed, the plaintiff has stated a cause of action for abuse of process notwithstanding his failure to establish prior termination or

which requires a plaintiff to prove either an arrest of the person or seizure of property in order to state a cause of action for malicious use of civil process."[4] *Garcia v. Wall & Ochs, Inc.,* 256 Pa.Super. 74, 76, 389 A.2d 607, 608 (1978) (footnote omitted). *See also Triester v. 191 Tenants Association,* 272 Pa.Super. 271, 279, 415 A.2d 698, 703 (1979); *DeLeo v. Munley,* 261 Pa.Super. 90, 91, 395 A.2d 957, 957 (1978); Restatement (Second) of Torts § 677 (1977). Appellees argue, however, that under our cases, a mere interference with their property will suffice. *See, e. g., Publix Drug Co. v. Breyer Ice Cream Co.,* 347 Pa. 346, 349–50, 32 A.2d 413, 415 (1943); *Muldoon v. Rickey,* 103 Pa. 110, 113 (1883). The lower court agreed, and concluded that the filing of this lis pendens constituted a sufficient interference with appellees' property to sustain their actions. We disagree. As this Court recognized in *Roberts v. Gibson,* 214 Pa.Super. 220, 224, 251 A.2d 799, 801 (1969), our cases have always held that an arrest or a seizure is required to sustain the causes of action. *See also Triester v. 191 Tenants Association, supra,* 272 Pa.Super. at 280–81, 415 A.2d at 703–04; *Garcia v. Wall & Ochs, Inc., supra,* 256 Pa.Super. at 77–79, 389 A.2d at 609–10. Indeed, as Justice SHARSWOOD succinctly stated: "If the person be not arrested or his property seized, it is unimportant how futile and unfounded the action may be . . . ." *Mayer v. Walter,* 64 Pa. (14 Smith) 283, 289 (1870) (citations omitted). That principle has been often reiterated

the absence of probable cause. *See, e. g., Mayer v. Walter,* 64 Pa. (14 Smith) 283, 286 (1870). *See generally* Restatement (Second) of Torts §§ 677, 682 (1977); W. Prosser, *Handbook on the Law of Torts* §§ 120–121 (4th ed. 1971). Consequently, under Pennsylvania law, arrest of the person or seizure of his property is a necessary element of both causes of action. *See, e. g., Publix Drug Co. v. Breyer Ice Cream Co., supra; Mayer v. Walter, supra; Shannon v. Barrett,* 65 Pa.D. & C.2d 446 (C. P. Delaware Co. 1974). Because appellee Blumenfeld clearly was not arrested, appellees' contention focuses upon the seizure of property requirement.

4. As discussed above, *supra* n.3, arrest or seizure is likewise an essential element of the tort of abuse of process.

by our courts,[5] and remained the law of this Commonwealth until the passage of the Act of December 19, 1980, P.L. 1296, No. 232, *to be codified at* 42 Pa.C.S.A. §§ 8351–8354 (abolishing the arrest or seizure requirement in establishing a statutory cause of action for wrongful use of civil proceedings) (effective February 17, 1981).[6] Consequently, we conclude that the lower court erred in measuring appellant's conduct by the lesser standard of a mere interference.

■ Even if the lower court had applied the correct standard, appellees' pleadings and proofs were insufficient to establish a seizure of their property as a consequence of the filing of the lis pendens. Although one common pleas court has held that a lis pendens constitutes a seizure within the meaning of the English rule,[7] no appellate court of this

**5.** *See, e. g., Publix Drug Co. v. Breyer Ice Cream Co., supra,* 347 Pa. at 350, 32 A.2d at 415; *Norcross v. Otis Bros & Co.,* 152 Pa. 481, 487, 25 A. 575, 576 (1893); *Muldoon v. Rickey, supra* at 113; *Triester v. 191 Tenants Association, supra,* 347 Pa. at 281, 415 A.2d at 703; *Garcia v. Wall & Ochs, Inc., supra,* 256 Pa.Super. at 76–79, 389 A.2d at 608–09.

**6.** The statute states, in pertinent part:
Wrongful use of civil proceedings
(a) Elements of action.—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [if]:
(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
(2) The proceedings have terminated in favor of the person against whom they are brought.
(b) Arrest or seizure of person or property not required.—The arrest or seizure of the person or property of the plaintiff shall not be a necessary element for an action brought pursuant to this subchapter.
42 Pa.C.S.A. § 8351. The legislative history of the statute indicates that a primary purpose for the passage of the law was to eliminate the strict requirements of arrest or seizure pursuant to the English rule. *See, e. g.,* Pa.Legislative Journal—House (November 19, 1980) at 2634 (remarks of Rep. Spencer); *id.* at 2635 (remarks of Rep. Spitz); *id.* at 2635 (remarks of Rep. Kukovich).

**7.** *Shannon v. Barrett,* 66 Pa.D. & C.2d 446, 449–50 (C.P.Delaware Co.1974).

Commonwealth has had the occasion to address the issue. We are guided, however, by other cases in which civil process has affected a litigant's property interests without rising to a seizure under the English rule. In *Muldoon v. Rickey, supra* at 113, our Supreme Court held that commencing an action in ejectment "temporarily clouds the title to the property in controversy, and so may for the time prevent a sale or mortgage upon it" but would not support an action for malicious use of process. Similarly, the Court held that a writ of estrepment, an ancillary remedy which was issuable as of course upon the filing of an affidavit in an action for waste, could not sustain a cause of action under the English rule. *Eberly v. Rupp*, 90 Pa. (9 Nor.) 259, 261 (1879). More recently, judgment liens have been held not to constitute a seizure of property within the meaning of the English rule. *Publix Drug Co. v. Breyer Ice Cream Co., supra*, 347 Pa. at 350, 32 A.2d at 415. *Accord, Baird v. Aluminum Seal Co.*, 250 F.2d 595, 602 (3d Cir. 1957) (applying Pennsylvania law). Moreover, in *Triester v. 191 Tenants Association*, this Court specifically rejected a claim that an unfounded equity action which clouded title to a condominium project and thereby inhibited solicitation of prospective purchasers constituted a seizure of the property. 272 Pa.Super. at 282, 415 A.2d at 704. Likewise, although a lis pendens may temporarily cloud someone's title and therefore make encumbrancing or conveyancing difficult, it is nevertheless clear that it does not even establish a lien upon the affected property.[8]

8. In *McCahill v. Roberts*, 421 Pa. 233, 219 A.2d 306 (1966) our Supreme Court discussed the nature and effect of a lis pendens:

Lis pendens literally means a pending suit: Black's Law Dictionary (4th ed. 1951), and *Rose Valley Borough v. Rose Valley Acres*, 31 Pa.D. & C. 261 (1937)....

Lis pendens is construed to be "... 'the jurisdiction, power or control which courts acquire over property involved in a suit, pending the continuance of the action, and until its final judgment therein'": *Bungar v. St. Michael's Greek Catholic Ch.*, 272 Pa. 402, 404, 116 A. 389 (1922). The initial basis of the application of the doctrine was one of constructive notice to all the world of the pending litigation: *Diamond v. Lawrence County*, 37 Pa. 353 (1861). In later years, the courts determined that the doctrine was one of policy only, i. e., it would be unfair and an insult to the courts to permit the severance of rights in a property which they

*A fortiori*, a lis pendens does not constitute a seizure of property within the purview of the English rule.[9] Consequently, appellees failed to establish a cause of action for either malicious use of process or abuse of process.

Judgment reversed. Case remanded with directions to enter judgment for appellant, R. M. Shoemaker Co., against appellees, Jack W. Blumenfeld and Jane Development Corporation.

were then in the process of deciding: *Dovey's Appeal*, 97 Pa. 153 (1881). Having determined that the doctrine was founded on a policy, rather than conceptual basis, the next logical step was to decree the use of equitable principles in the application of the rule. This point was reached in *Dice v. Bender*, 383 Pa. 94, 117 A.2d 725 (1955), wherein we held that the doctrine does not establish an actual lien on the affected property, but rather merely gives notice to third parties that any interest that may be acquired in the property pending the litigation will be subject to the result of the action.

*Id.*, 421 Pa. at 237–38, 219 A.2d at 308 (footnote omitted).

**9.** *Accord, Gray v. Kohlhase*, 18 Ariz.App. 368, 502 P.2d 169 (1973); *Nemanich v. Long Grove Country Club Estates, Inc.*, 119 Ill.App.2d 169, 255 N.E.2d 466 (1970); *Bonnie Braes Farms, Inc. v. Robinson*, 598 S.W.2d 765 (Ky.App.1980); *Hayman v. Janik*, 26 Misc.2d 80, 205 N.Y.S.2d 291 (Sup.Ct. Erie Co. 1960), *appeal dismissed*, 12 App. Div.2d 893, 215 N.Y.S.2d 479 (1961). *But see Chatham Estates v. American Nat. Bank*, 171 N.C. 579, 88 S.E. 783 (1916); *Austin v. Wilder*, 26 N.C.App. 229, 215 S.E.2d 794 (1975); *Ellman v. McCarty*, 70 App.Div.2d 150, 420 N.Y.S.2d 237 (1979); *Chappelle v. Gross*, 26 App.Div.2d 340, 274 N.Y.S.2d 555 (1966).