Robert SHERIDAN

v.

Julian FOX.

Civ. A. No. 81–1809.

United States District Court, E. D. Pennsylvania.

Feb. 5, 1982.

David Smith, Jerome J. Shestack, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for plaintiff.

Joseph S. Moloznik, Don P. Foster, Fell, Spaulding, Goff & Rubin, Philadelphia, Pa., for defendant.

## MEMORANDUM

GILES, District Judge.

This case gives rise to a novel question on the Pennsylvania law of abuse of process, and an unusual situation in which plaintiff's motion for voluntary dismissal with prejudice is opposed. This opinion memorializes bench decisions on these issues.[1]

## I. BACKGROUND

Plaintiff Sheridan, principal owner of an apartment building, brought this defamation action against an active member of the building's tenant association. In essence, plaintiff alleges that defendant Fox falsely told a local newspaper that plaintiff's business practices caused one of his tenants to die of a heart attack, and that the newspaper published an article with identical implications.[2] Defendant counterclaimed for abuse of process and wrongful use of civil process. When the case finally was called for trial on January 28, 1982, plaintiff moved for dismissal of the counterclaims, and for dismissal of the claim without prejudice. The latter motion was denied, and a jury was impaneled. The next morning,

1. The bench opinions are those of January 28, 1982, dismissing counterclaims for abuse of process and wrongful use of civil proceedings, and January 29, 1982, dismissing the plaintiff's claim.

2. The newspaper, the Center City Welcomat,

plaintiff moved to withdraw its claim with prejudice. Defendant opposed the motion.

## II. COUNTERCLAIMS

The counterclaim alleges abuse of process and wrongful use of civil proceedings by Sheridan in this and other cases.[3] Sheridan contends that the counterclaim fails to state a claim because there has been neither a termination of a prior proceeding in Fox's favor nor arrest or seizure as required by the "English rule." Fox argues that termination is not a precondition, and that the English rule has been abolished by statute.

The Pennsylvania law of abuse of process and wrongful use of civil proceedings[4] contains two oddities. First, the common law "has long followed the 'English Rule' which requires a plaintiff to prove either an arrest of the person or seizure of property in order to state a cause of action for malicious use of civil process."[5] Second, the legislature has recently codified "Wrongful Use of Civil Proceedings." 42 Pa.Cons.Stat.Ann. §§ 8351–8354 (Purdon 1981).

That codification eliminates the English rule for actions brought under the statute.[6] Fox argues that the statute eliminates the English rule for abuse-of-process actions. I disagree, because the statute does not encompass abuse of process.

■ Wrongful use of civil proceedings and abuse of process are different torts. The gravamen of wrongful use of civil proceedings is the baseless or reckless prosecution of a suit, while the gravamen of abuse of process is use of proceedings for an improper purpose.[7] Essential elements of

---

also was named as a defendant. When this action was first called to trial on October 26, 1981, I granted a motion dismissing the Welcomat. I then continued the trial because the parties had failed to comply with the pretrial order and because it appeared that the parties were unready for trial.

**3.** The other cases seem to be those consolidated in *Touraine Partners v. Kelley*, Sept. Term, 1981, No. 1732 (C.P.Pa. Dec. 2, 1981) (Chalfin, J.). *But see* note 12 *infra*.

At conference, defendant seemed to contend that the counterclaim included a cause of action under the Uniform Condominium Act, 68 Pa.Cons.Stat.Ann. §§ 3101–3414 (Purdon supp. 1981–1982). The counterclaim cannot fairly be read to state such a claim. If it did, it probably would have to be dismissed for failure to join the building's owner, Touraine Partners. It is unclear whether such joinder would destroy diversity.

**4.** "Wrongful use of civil proceedings" often is referred to as "malicious prosecution." *See, e.g., Jennings v. Shuman*, 567 F.2d 1213, 1216 (3d Cir. 1977); *United States ex rel. Sacks v. Philadelphia Health Management Corp.*, 519 F.Supp. 818, 825 & n.8 (E.D.Pa.1981); *Blumenfeld v. R. M. Shoemaker Co.*, 429 A.2d 654 (Pa.Super.Ct.1981). The *Restatement* reserves the latter term for wrongful procurement of criminal proceedings, *Restatement (Second) of Torts*, §§ 653–673 (1977) [hereinafter cited as *Restatement*]. Both the *Restatement, id.* §§ 674–681B, and the Pennsylvania statute, 42 Pa.Cons.Stat.Ann. §§ 8351–8354 (Purdon 1981), use the former term in relation to civil proceedings. *See also* W. Prosser, *Handbook of the Law of Torts* § 120 (4th ed. 1971); *Pennsylvania Suggested Standard Jury In-*

---

*structions Civil* §§ 13.05A–.05B (1981) [hereinafter cited as *Pa. Standard Jury Instructions*] I shall use that terminology throughout this opinion.

**5.** *Blumenfeld*, 429 A.2d at 656 (footnote omitted) (quoting *Garcia v. Wall & Ochs, Inc.*, 256 Pa.Super.Ct. 74, 76, 389 A.2d 607, 608 (1978)); *see* W. Prosser, *supra* note 4, § 120, at 850–53; *Restatement, supra* note 4, § 677. The English rule is followed by a minority of states. *See id.* § 674, reporter's note (app.1981).

**6.** "The arrest or seizure of the person or property of the plaintiff shall not be a necessary element *for an action brought pursuant to this chapter.*" 42 Pa.Cons.Stat.Ann. § 8351(b) (emphasis added). The primary purpose of the statute was to abolish the English rule. *See* Pa.Legis.J., House, Nov. 19, 1980, at 2634 (remarks of Rep. Spencer); *Blumenfeld*, 429 A.2d at 657 n.6. The statute also made a technical substitution by changing the common-law requirement of "malice" to one of "gross negligence." Pa.Legis.J., House, Nov. 19, 1980, at 2634 (remarks of Rep. Spencer); *see* 42 Pa. Cons.Stat.Ann. § 8351(a)(1).

**7.** *See, e.g., Jennings*, 567 F.2d at 1217–19; *Sacks*, 519 F.Supp. at 825 n.8; *Blumenfeld*, 429 A.2d at 656 n.3 (quoting *Publix Drug Co. v. Breyer Ice Cream Co.*, 347 Pa. 346, 348–49, 32 A.2d 413, 415 (1943)); *cf.* Pa. Standard Jury Instructions, *supra* note 4, § 13.05B subcomm. note (because statute refers only to civil proceedings, and abuse of process deals with both civil and criminal proceedings, "the abuse of process tort is still viable"); *compare, e.g., Restatement, supra* note 4, § 674 (wrongful use), *with id.* § 682 (abuse of process).

wrongful use of process, such as lack of probable cause and prior termination, are not required for an abuse of process. The Pennsylvania codification of wrongful use of process closely tracks the *Restatement. Compare, e.g.,* 42 Pa.Cons.Stat.Ann. § 8351, *with Restatement, supra* note 4, § 674. Both include essential elements which are excluded from abuse of process. The legislature codified only wrongful use of civil proceedings, not abuse of process. Because the latter remains a common-law action, and because the English rule is eliminated only for statutory actions, arrest or seizure continues as an essential element of abuse of process.[8] Thus, Sheridan is entitled to judgment on the pleadings as to the counterclaim for abuse of process.[9]

█ It is hornbook law that termination of a prior proceeding in plaintiff's favor has always been prerequisite to a wrongful-use-of-process suit.[10] That requirement continues as part of the statute.[11] Here, no proceeding has terminated in favor of Fox.[12] Therefore, an essential element of the statutory claim is missing. Thus, all statutory claims must be dismissed without prejudice as unripe. Dismissal is without leave to amend this complaint.[13]

## III. VOLUNTARY DISMISSAL

█ Plaintiff moves for dismissal with prejudice.[14] Defendant opposes the motion. Because an answer has been filed, the motion is one for voluntary dismissal with prejudice by court order pursuant to Fed.R. Civ.Pro. 41(a)(2). The essential question in deciding such a motion is whether the defendant will be unfairly prejudiced by dismissal.[15] This test also applies to voluntary dismissals with, as well as without, prejudice. *E.g., Wainwright Securities, Inc. v. Wall Street Transcript Corp.,* 80 F.R.D. 103, 104 (S.D.N.Y.1978). *But see* note 18 *infra* & accompanying text. Of course, whether the dismissal is a final adjudication on the merits is relevant to whether the defendant would be unduly prejudiced. *Id.*

A dismissal with prejudice gives defendant all the relief to which he is entitled on plaintiff's claim, "*i.e.,* not only final determination of the controversy in his favor, but also freedom from the possibility of further suit from the plaintiff on the same

---

8. Fox misreads *Blumenfeld* as saying that the statute eliminated the English rule for both causes of action, because the court said that the requirement of arrest or seizure for both causes "remained the law of this Commonwealth until the passage of the Act." 429 A.2d at 656. The Superior Court recognized that the requirement was abolished only for wrongful use of civil proceedings. *See id.* at 657.

9. The same result must apply also to any cause of action for wrongful use of proceedings accruing prior to the effective date of the statute, February 17, 1981. *See, e.g., Sacks,* 519 F.Supp. at 825 n.8. If I am incorrect and abuse of process is part of the statute, then the abuse-of-process claims must be dismissed as unripe. *See* text accompanying notes 10–13 *infra.*

10. *See, e.g., Mayer v. Walter,* 64 Pa. 283, 286 (1870); *Arundell v. Tregono,* Yelv. 116, 117, 80 Eng.Rep. 79, 79 (K.B.1607); W. Prosser, *supra* note 4, § 120, at 853 (hornbook series); *Restatement, supra* note 4, § 674(2).

11. Under 42 Pa.Cons.Stat.Ann. § 8351(a)(2), an essential element of plaintiff's claim is that: "The proceedings have terminated in favor of the person against whom they are brought." *Id.* § 8351(a)(2).

12. Indeed, Fox argues that he was not a party to the state-court proceedings which he maintains were wrongfully brought.

13. Because a counterclaim for wrongful use of the claim can never be ripe until the claim is terminated, such a counterclaim is wholly inappropriate. *See, e.g., Sacks,* 519 F.Supp. at 825 n.8; W. Prosser, *supra* note 4, § 120, at 853 n.32.

14. A motion for dismissal without prejudice was denied on the eve of trial on the ground that it would have been unfair for the defendant to have prepared for trial, yet still face the possibility of later litigation. *See, e.g., Ferguson v. Eakle,* 492 F.2d 26, 27–29 (3d Cir. 1974); *Ockert v. Union Barge Line Co.,* 190 F.2d 303, 304 (3d Cir. 1951). *See generally, e.g.,* 5 J. Moore, J. D. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 41.05[1] (2d ed. 1981) [hereinafter cited as *Moore's*]; 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2364 (1971).

15. *See generally, e.g.,* 5 *Moore's, supra* note 14, ¶ 41.05; 9 C. Wright & A. Miller, *supra* note 14, § 2364.

cause of action."[16] Dismissal with prejudice comports with the purpose of rule 41, preventing defendant from being dragged into court for no purpose.[17]

■ Defendant argues that dismissal might subject him to undetermined prejudice in that a jury verdict in his favor would be more of an aid to a future suit for wrongful use of process. If this amounted to legal prejudice, then any defendant could block dismissal at will simply by asserting this argument. Dismissal with prejudice will not leave in an undetermined state any right or property put in issue by plaintiff's defamation claim.[18] The possible undetermined effect of a dismissal with prejudice on an unripe claim for wrongful use of process does not constitute the sort of legal harm amounting to prejudice to the defendant. Because defendant is getting everything to which he is entitled were he to prevail on the merits in this action, he is not prejudiced by dismissal with prejudice.

It may even be an abuse of discretion to deny a motion to dismiss with prejudice. In *Smoot v. Fox*, 340 F.2d 301 (6th Cir. 1964), the trial judge denied plaintiff's motion to dismiss his libel action with prejudice. The court of appeals reversed, finding the denial to have been an abuse of discretion. Indeed, if dismissal with prejudice would dispose entirely of a case, it may always be an abuse of discretion to deny dismissal.[19] Other than *Smoot*, I can find no case in which a district court refused to dismiss with prejudice, and no case reversing a district court for dismissal with prejudice.[20] In fact, denial of the motion would be futile, as plaintiff could refuse to proceed, in which event the appropriate sanction would be dismissal with prejudice.[21]

Therefore, plaintiff's motion will be granted, and his claim dismissed with prejudice. Because each party prevailed on the other's claim,[22] no costs will be taxed.[23]

16. *A. B. Dick Co. v. Marr*, 197 F.2d 498, 502 (2d Cir.), *cert. denied*, 344 U.S. 878, 73 S.Ct. 169, 97 L.Ed. 680 (1952); *see Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964) ("An adjudication in favor of the defendants, by court or jury, can rise no higher than this."); 5 *Moore's, supra* note 14, ¶ 41.05[2], at 41–75; 9 C. Wright & A. Miller, *supra* note 14, § 2367.

17. The evil aimed at by rule 41:

> is present in any instance in which a defendant is damaged by being dragged into court and put to expense with no chance whatsoever (*if there is a dismissal without prejudice*) of having the suit determined in his favor. The dismissal without prejudice means the defendant has been put to expense literally for nothing.

*McCann v. Bentley Stores Corp.*, 34 F.Supp. 234, 234 (W.D.Mo.1940) (emphasis added), *quoted in* 5 *Moore's, supra* note 14, ¶ 41.05[1], at 41–54.

18. *Cf. Ferguson*, 492 F.2d at 29 (uncertainty over title to realty grounds for denying dismissal without prejudice); *Wainwright*, 80 F.R.D. at 105 (court considered possible chilling of first-amendment rights before dismissing with prejudice); *Interlego A. G. v. F. A. O. Schwarz*, 25 Fed.R.Serv.2d 234, 236–238 (N.D.Ga.1978) (uncertainty of patent validity possible source of prejudice).

19. *Smoot*, 340 F.2d at 302; 5 *Moore's supra* note 14, ¶ 41.05[1], at 41–79; *see* 9 C. Wright & A. Miller, *supra* note 14, § 2364, at 163.

20. *Accord, Smoot*, 340 F.2d at 302.

> Other cases granting non-stipulated dismissals with prejudice include: *Mobile Power En-*

*ters. v. Power Vac, Inc.*, 496 F.2d 1311, 1312 (10th Cir. 1974); *Larchmont Eng'g Inc. v. Toggenburg Ski Center, Inc.*, 444 F.2d 490 (2d Cir. 1971); *Routed Thru-Pac, Inc. v. United States*, 401 F.2d 789, 795–96 (Ct.Cl.1968); *Wainwright*, 80 F.R.D. 103; *Interlego*, 25 Fed.R.Serv.2d 234; *Tycom Corp. v. Redactron Corp.*, 25 Fed.R. Serv.2d 1082, 1084–85 (D.Del.1977); *Hudson Eng'g Co. v. Bingham Pump Co.*, 298 F.Supp. 387 (S.D.N.Y.1969); *Roberts Bros. v. Kurtz Bros.*, 236 F.Supp. 471, 474–75 (D.N.J.1964).

> Because dismissal with prejudice gives defendant all he is entitled to, it has been held to be non-appealable. *A. B. Dick Co.*, 197 F.2d at 502–503; 5 *Moore's, supra* note 14, ¶ 41.05[3], at 41–81.

21. *See, e.g., Marshall v. Sielaff*, 492 F.2d 917, 919 (3d Cir. 1974) (refusal to proceed "left the district judge with no choice"). *See generally* 5 *Moore's, supra* note 14, ¶ 41.11; R. Rodes, K. Ripple & C. Mooney, *Sanctions Imposable for Violations of the Federal Rules of Civil Procedure* 38–40 (1981); 9 C. Wright & A. Miller, *supra* note 14, § 2370.

22. *But see Mobile Power Enters.*, 496 F.2d at 1312 (when plaintiff dismisses with prejudice, defendant is not "prevailing party" within meaning of Fed.R.Civ.Pro. 54(c)); *see also Lawrence v. Fuld*, 32 F.R.D. 329, 331–32 (D.Md. 1963).

23. *See, e.g.*, 10 C. Wright & A. Miller, *supra* note 14, § 2667, at 136.

> The district court must explain, however briefly, why it has elected to refuse costs to the prevailing party. *Pearlstine v. United States*, 649 F.2d 194, 198–99 (3d Cir. 1981).