**Wilbur F. BRESLIN and Henry Hantgan, individually, and t/a South-Whit Shopping Center Associates, a partnership, and Breslin Realty No. 3 Corp.**

v.

**VORNADO, INC.**

Civ. A. No. 82–0190.

United States District Court,
E.D. Pennsylvania.

Jan. 10, 1983.

Henry A. Stein, Philadelphia, Pa., for plaintiffs.

Thomas H. Seiler, Arnold Levin and Howard J. Sedran, Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Now before the court is defendant's motion for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c). The question for determination is whether triable issues, sufficient to defeat this motion, exist in plaintiffs' claims for malicious prosecution and tortious interference with prospective business relations. Because I conclude that plaintiffs have failed to state a claim for malicious prosecution, I will grant judgment for defendant as to that portion of the complaint. However, I conclude that plaintiffs have stated a claim for tortious interference with prospective business relations. Accordingly, I will deny defendant's motion as to that claim.

Plaintiffs allege that defendant instituted an action in the Philadelphia Court of Common Pleas aimed at stopping the development by plaintiffs of a shopping center, to be known as Whitman Plaza. This action was removed to the Federal Court for the Eastern District of Pennsylvania on October 26, 1979. Nevertheless, on November 2, 1979, defendant indexed a *lis pendens* in the Court of Common Pleas against the real estate on which the shopping center was to be developed.

When filing the *lis pendens,* defendant asserted that it had entered into an oral contract with plaintiff Breslin No. 3 Corp. whereby the defendant would purchase a portion of the real estate and construct a Two Guys department store thereon. After the *lis pendens* was stricken for being filed in the wrong court, defendant reindexed the *lis pendens* in the federal court. On January 22, 1980, the Honorable Edward N. Cahn entered summary judgment for plaintiff Breslin No. 3 Corporation on the ground that the alleged oral agreement failed to satisfy the statute of frauds. Accordingly, Judge Cahn ordered the striking of the *lis pendens.*

In the instant case, plaintiffs allege that defendant never intended to acquire the

land on which to construct a Two Guys store. Plaintiffs support this allegation by asserting that defendant was negotiating to sell all of the Two Guys stores in the Philadelphia area. Thus, plaintiffs contend that defendant filed the *lis pendens* solely to harass, injure, and interfere with the development by plaintiffs of Whitman Plaza. As a result, plaintiffs claim ten million dollars in damages due to lost rentals, added construction costs, mortgage commitments, and attorneys' fees, as well as five hundred thousand dollars in punitive damages due to plaintiffs' alleged bad faith in filing the *lis pendens.*

When adjudicating a case on the pleadings, the court must apply strict standards. First, "[a] court may not dismiss a claim on the pleadings unless no set of facts could be adduced to support the plaintiff's claim for relief." *Bryson v. Brand Insulations, Inc.,* 621 F.2d 556, 559 (3d Cir.1980), citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Second, a court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the non-moving party." *Grant v. Erie Insurance Exchange,* 542 F.Supp. 457, 467 (M.D.Pa.1982); *Alken v. Lerner,* 485 F.Supp. 871, 873 (D.N.J.1980), citing 5 C. Wright and A. Miller, Federal Practice and Procedure § 1368 (1969). We must analyze the parties' contentions from this perspective.

I. *Malicious Prosecution*

■ Where, as here, a federal court exercises diversity jurisdiction, it must apply the substantive law that the forum state would follow. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Pennsylvania law, the elements of an action for wrongful use of civil proceedings are the initiation by defendant of prior legal proceedings without probable cause, which resulted in the seizure of plaintiffs' property and terminated in plaintiffs' favor. *See Publix Drug Co. v. Breyer Ice Cream Co.,* 347 Pa. 346, 32 A.2d 413 (1943). The disputed elements in this case are whether plaintiffs Breslin, Hantgan and Center Associates have standing to bring the action and whether plaintiffs' property was seized.

Defendant contends that Breslin, Hantgan and Center Associates lack standing to bring this action because Breslin No. 3 Corp. was the only defendant in the 1976 breach of contract action. Plaintiffs, on the other hand, argue that they are Breslin No. 3 Corp. Defendant relies on cases from other jurisdictions which establish that only the original, named defendant has standing to bring an action for malicious prosecution.[1] While plaintiffs do not advance any case support, they contend that they were injured by defendant's action and that they transacted business with defendant interchangeably as individuals, as agents for Breslin No. 3 Corp., and as a partnership. They cite their complaint and portions of defendant's answer which acknowledge their personal participation in the joint venture which formed the basis of the breach of contract suit.

■ I believe that entry of judgment for defendant on this theory would be improper. Material factual issues remain which are sufficient to defeat defendant's motion on this ground. E.g., to what extent did the former action involve allegations against plaintiffs as individuals versus agents for the corporation? And to what extent are all plaintiffs in fact identical?

In support of its motion for judgment on the pleadings, defendant also asserts that plaintiffs failed to allege a necessary element of a malicious prosecution action: i.e., that a seizure of property or arrest of the

---

1. *See, e.g., Henderson Klie Hat Co. v. Cape Trading Co.,* 214 Mo.App. 243, 260 S.W. 498, 499 (St. Louis App.Ct.1924) (corporation cannot bring a suit for malicious prosecution based upon action against corporate president); *Tomkovich v. Mistevich,* 222 Mich. 425, 192 N.W. 639 (1923) (devisee of tract of land has no standing to sue pursuant to suit by creditors against devisor); *Duncan v. Griswold,* 92 Ky. 546, 18 S.W. 354 (1892) (where he was not a named defendant to the attachment proceedings, partner lacks standing to sue for malicious prosecution based on attachment of partnership property).

person occurred in the prior action.[2] Specifically, it contends that the filing of a *lis pendens* is not a seizure of property. Plaintiffs disagree and argue that a loss of dominion and control over property, real or personal, is a sufficient seizure for purposes of an action for malicious use of process.

Plaintiffs cite *Shannon v. Barrett* where the court held that the filing of a *lis pendens* constitutes a seizure for purposes of malicious prosecution. 65 Pa.D. & C.2d 446 (Del.Co.1974). Plaintiffs, however, fail to appreciate the significance of the recent decision in *Blumenfeld v. R.M. Shoemaker Co.,* 286 Pa.Super. 540, 429 A.2d 654 (Pa.Super.1981), where the court rejected the minority rule stated in *Shannon.*[3] In *Blumenfeld,* plaintiff filed a malicious prosecution action arising out of a *lis pendens* indexed against its property. In reversing the judgment of the lower court against defendant, the court stated:

> Although a lis pendens may temporarily cloud someone's title and therefore make encumbrancing or conveyancing difficult, it is nevertheless clear that it does not even establish a lien upon the effected property. *A fortiori,* a lis pendens does not constitute a seizure of property within the purview of the English rule. Consequently, appellees failed to establish a cause of action for either malicious use of process or abuse of process.

*Id.* 429 A.2d at 657–58. Defendant also cites *Baird v. Aluminum Seal Co.,* 250 F.2d 595 (3d Cir.1957), where the court held that plaintiff did not state a cause of action for malicious prosecution because a lien on property, albeit a burden on using the property as collateral, did not constitute a seizure under Pennsylvania law.

■ The weight of authority does not support plaintiffs' claim that the loss of dominion in control over funds is sufficient to submit the question of seizure to a factfinder. Since a *lis pendens* does not constitute a seizure of property under Pennsylvania law, plaintiffs have failed to state a case for malicious prosecution. Where the pleadings reveal that, as a matter of law, plaintiffs cannot recover, dismissal is appropriate. *Bryson,* 621 F.2d at 559. Accordingly, I will order judgment for defendant as to the portion of plaintiffs' complaint which asserts a claim for malicious prosecution.

## II. *Intentional Interference with Prospective Business Relations*

Defendant also seeks judgment on the pleadings on the ground that plaintiffs' complaint lacks three essential elements of a claim for tortious interference. First, defendant asserts that bringing its initial lawsuit and filing the *lis pendens* were privileged activities. Second, it claims that plaintiffs failed to allege that defendant's activities were intentionally directed toward a third party. Last, it claims that plaintiffs failed to allege that, but for defendant's actions, they had a reasonable probability of successfully establishing a business relationship with a third party. In addition to refuting these assertions, plaintiffs contend that triable issues, sufficient to defeat a motion for dismissal, are raised with regard to defendant's intent, motive and good faith.

---

2. Effective Feb. 17, 1981, under Pennsylvania law, an arrest or seizure is not an essential element of an action for malicious prosecution. *See* 42 Pa.Cons.Stat.Ann. § 8351(b) (Purdon's Supp.1981). In claims which accrued prior that date, an arrest or seizure of property must be alleged. *United States v. Philadelphia Health Management Corp.,* 519 F.Supp. 818, 825 n. 8 (E.D.Pa.1981). Since the legal proceedings upon which the instant case is based were concluded prior to Feb. 17, 1981, seizure or arrest must be shown. *See Blumenfeld v. R.M. Shoemaker Co.,* 286 Pa.Super. 540, 429 A.2d 654 (Pa.Super.1981).

3. Where, as here, the highest state court has not ruled on an issue, a federal court must not disregard the decisions of intermediate appellate state courts. Such decisions must be presumed to be state law unless persuasive data yield a contrary conclusion. *National Surety Corp. v. Midland Bank,* 551 F.2d 21, 29–30 (3d Cir.1977) (quoting *King v. Order of Travelers,* 333 U.S. 153, 160–61, 68 S.Ct. 488, 492, 92 L.Ed. 608 (1948), and *West v. A.T. & T. Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940)). In the absence of persuasive data to the contrary, I presume that the determination of the superior court in *Blumenfeld* is the law of Pennsylvania.

The parties agree that the applicable standard for a cause of action for tortious interference is the Restatement (Second) of Torts, as adopted by the Pennsylvania Supreme Court in *Adler, Barish, Daniels, Levin and Creskoff v. Epstein,* 482 Pa. 416, 393 A.2d 1175 (1978), *appeal dismissed,* 442 U.S. 907, 99 S.Ct. 2817, 61 L.Ed.2d 272 (1979). Section 766B of the Restatement provides:

> One who intentionally and improperly interferes with another's prospective contractual relation (except for a contract to marry) is subject to liability to the other for the pecuniary harm resulting from the loss of the benefits of the relation, whether the interference consists of (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or (b) preventing the other from acquiring or continuing the prospective relation.

(Tent. draft No. 23, 1977). However, the parties disagree about whether plaintiffs must plead and/or prove that defendant's activities, the former suit, and the filing of the *lis pendens* were not privileged.

Defendant contends that plaintiffs' failure to plead that defendant's actions were not privileged requires dismissal of the complaint. In making this assertion, defendant incorrectly relies on state law. The adequacy of a complaint is a procedural concern and, therefore, is governed by federal law. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Federal Rules of Civil Procedure reject the notion that pleading is a game of skill in which one misstep by counsel may decide the outcome. *Id.* at 48, 78 S.Ct. at 103. The rules do not require a complainant to set forth in detail the facts upon which the claim is based. *Id.* at 47, 78 S.Ct. at 102. Rather, all the rules require is "a short and plain statement of the claim" sufficient to give the defendant notice of the claim and the grounds upon which it is based. *Id.*; Fed.R.Civ.P. 8(a). Plaintiffs' complaint meets this standard.

Furthermore, the state case on which defendant relies is inapposite because it dealt with the *discontinuation* of an existing business relationship as opposed to interference with *prospective* relations. *Raneri v. Depolo,* 65 Pa.Cmwlth. 183, 441 A.2d 1373 (Pa. Commw.Ct.1981). The correct analysis of the substantive law governing the instant case is set forth in *Adler* where the court stated: "[The] new Restatement (Second) of Torts focuses upon whether conduct is 'proper,' rather than 'privileged.'"[4] 482 Pa. at 433 & n. 17, 393 A.2d at 1184 & n. 17. Moreover, the Superior Court suggested that denoting an act as privileged is "no more than saying that a consideration of the factors listed in § 767 ... leads to the conclusion that the actor's interference was not improper in the circumstances." *Yaindl v. Ingersoll-Rand Co. Standard Pump-Aldrich Div.,* 281 Pa.Super. 560, 422 A.2d 611, 619 (Pa.Super.1980).

Nowhere does a Pennsylvania state court state or imply that the absence of privilege is an essential element of a claim for tortious interference with prospective business relations. Furthermore, any consideration of the propriety or impropriety of defendant's actions goes to the merits of the case. A determination of that sort is appropriately made, after discovery, at trial or on a motion for summary judgment. For the foregoing reasons, I find the first of defendant's assertions without merit.

Defendant next contends that plaintiffs must allege that it induced or otherwise purposely caused a third party not to enter into or continue a business relationship with

---

**4.** Comment b to § 767 explains the shift in inquiry:

> Unlike other intentional torts ... this branch of tort law has not developed a crystallized set of definitive rules as to the existence or non-existence of a privilege to act in the manner stated in §§ 766, 766A or 766B. Because of this fact, this Section is expressed in terms of whether the interference is im-

proper or not rather than in terms of a specific privilege to act in the manner specified. The issue in each case is whether the interference is improper or not under the circumstances; whether, upon a consideration of the relative significance of the factors involved, the conduct should be permitted without liability, despite its effect of harm to another.

plaintiffs and not merely that its actions adversely affected plaintiffs' prospective business relations. However, neither the language of nor the comments to § 766B of the Restatement supports defendant's theory of substantive law. In fact, § 766B(b) speaks specifically to actions directed toward plaintiff, not a third party. Furthermore, none of the cases interpreting § 766B buttresses defendant's assertion.[5] Accordingly, I find this argument unavailing.

Finally, defendant argues that plaintiffs must allege that they had a reasonable probability of entering into contract with a third party which was precluded by defendant's actions toward the third party. Essentially, defendant challenges plaintiffs' damage claim. Defendant correctly cites *Glenn v. Point Park College,* 441 Pa. 474, 272 A.2d 895 (1971) for the proposition that, under Pennsylvania law, plaintiffs must allege both that the defendant acted for the purpose of causing harm to plaintiffs and that plaintiffs could probably have established a business relationship but for defendant's actions. Plaintiffs allege that they lost rentals, incurred additional construction costs, and lost a permanent "takeout" mortgage commitment from a specified company at specified terms because of defendant's actions. I do not believe that the Federal Rules require greater specificity than this. *See Conley,* 355 U.S. at 47, 78 S.Ct. at 102; Fed.R.Civ.P. 8(a).

Viewing the allegations in the light most favorable to plaintiffs, as I must, I find that their claims are sufficiently pled. Therefore, I will deny defendant's motion for judgment as to the claim for tortious interference.

**5.** Defendant's reliance on *Adler* is misplaced since that case involved interference with *existing* contractual relations and thus invoked both § 766A and § 766B of the Restatement. 482 Pa. at 416, 393 A.2d at 1175. Another case relied upon by defendant is *McIntosh v. Magna Systems, Inc.,* 539 F.Supp. 1185 (N.D.Ill.1982), where the court dismissed a complaint for interference with prospective relations for failure to allege that the conduct was directed to a third party. That case, however, was based on Illinois state law. Furthermore, the court made no mention of the Restatement, which has been adopted by Pennsylvania state courts. *Id.*

Defendant does advance one credible argument when it points to Comment c to § 767. This comment gives an example of one factor to determine whether defendant's conduct was improper—i.e., the interests of the other with which the actor's conduct interferes. The comment cites wrongfully instituted litigation by defendant "intending only to harass the third parties and not to bring his claim to definite adjudication." However, when compared to the weight of authority opposing defendant's thesis, this example, standing alone, is not persuasive.