## Gourley v. Meadville Production Credit Association

*Richard A. Hernan,* for plaintiff.
*Paul D. Shafer Jr.,* for defendant.

WOLFE, *P.J.,* September 8, 1987 — Defendant has filed preliminary objections to plaintiff's amended complaint in the nature of a demurrer to count I and count II thereof.

Count I is couched in an action for wrongful use of civil process under 42 Pa.C.S. §8351, and count II is allegations of defamation arising from a cause of action filed in the Crawford County Common Pleas Court of *Meadville Products Credit Association v. James Gourley*, no. 346 of 1986.

The Crawford County action alleges defendant held a security agreement against Gerald R. O'Neill, et al. The complaint alleged the security agreement was collateralized by cows owned by O'Neill; and defendant wrongfully removed 23 mature dairy cows from the O'Neill farm and converted them to defendant's own use to plaintiff's loss.

In the Warren County action, now under consideration, plaintiff alleges he owned 36 cows and had leased them to Gerald O'Neill, Titusville, Crawford County, in 1986; and between April 17 and April 20, 1986, plaintiff removed 23 of the surviving cows from the original 36 and attempted to removed 14 heifers, being offspring from the cows, but was prevented from doing so by defendant and defendant subsequently placed the heifers with an auctioneer. Plaintiff further alleges defendant had actual notice of the lease arrangement and the actual ownership of the cows from Gerald O'Neill who was in financial reverses with defendant at the time.

Plaintiff alleges defendant acted in a grossly negligent manner and with malice in filing the Crawford County action in that defendant had actual notice of the ownership of the cows removed by plaintiff, and by defendant's action his good name was defamed.

PRELIMINARY OBJECTION IN THE NATURE OF A DEMURRER TO COUNT I OF PLAINTIFF'S COMPLAINT

Defendant argues in support of the objection plaintiff's cause must fail because the Crawford County proceedings were not terminated in favor of plaintiff, but rather were voluntarily discontinued by defendant.

Wrongful use of civil proceedings is expressed in 42 Pa.C.S. §8351 in the following manner:

"(a) ELEMENTS OF ACTION. — A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

"(1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

"(2) the proceedings have terminated in favor of the person against whom they are brought."

Under subsection (b) the arrest or seizure of the personal property is not required.

Section 8352 addresses the element of probable cause in this manner:

"A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either:

"(1) reasonably believes that under those facts the claim may be valid under the existing or developing law;

"(2) believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or

"(3) believes as an attorney of record, in good faith that his procurement, initiation or continu-

ation of a civil cause is not intended to merely harass or maliciously injure the opposite party."

The code thereafter sets down elements of damage and the burden of proof.

It is axiomatic when the court is considering a demurrer it must accept all of the well pleaded facts as true and as such, if there is any genuine issue of fact emanating therefrom, and if so a demurrer may not be granted. If, on the other hand, accepting all the facts to be true, as a matter of law there is no genuine issue of fact to place before a jury, the court must grant the demurrer. In making this determination it is no part of the court's function to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue as to material fact must be resolved against the party moving for summary judgment. *Schacter v. Albert*, 212 Pa. Super. 58, 239 A.2d 841 (1968); *Upper Moreland v. Commonwealth, Pa. Dept. of Trans.*, 48 Pa. Commw. 27, 409 A.2d 118 (1979).

In *Dietrich Industries Inc., v. Abrams*, 309 Pa. Super. 202, 455 A.2d 119 (1982), the court, in addressing a wrongful use of civil proceedings, said this:

"The tort known as malicious use of process is often confused with another tort of a deceptively similar name, abuse of process. Abuse of process occurs when the legal process is utilized for some unlawful purpose, and not for which it was intended. (citations omitted).

"Malicious use of process is a separate and distinct tort which arises when a party institutes a lawsuit with a malicious motive and lacking probable cause. (citations omitted).

"In order to successfully pursue a cause of action for malicious use of process: (1) a party must obtain

a favorable termination of the wrongfully instituted action, *DeSalle v. Penn Central Transportation Co.*, 263 Pa. Super. 485, 398 A.2d 680 (1979); (2) the legal process must have been used with malice and without probable cause; and (3) a seizure of property or, if the underlying action were a criminal prosecution, an arrest of the person must have occurred." [1] (citations omitted).

It is now evident the act of December 19, 1980, P.L. 1296, codified as 42 Pa.C.S. §8351-8354, subchapter (e) abrogates the common law distinction and elements between malicious use of process and wrongful use of process in as much as the act is now generic, addressing *wrongful use of civil proceedings*.

Instantly, plaintiff relies on the case of *Mines v. Kahle*, et al., 557 F. Supp. 1030 (1983). There, addressing the issue of abuse of process, the court stated on page 1039, "The fact that the underlying criminal prosecution ended in a nolle prosequi and that plaintiff may not have prevailed in the prior action is not fatal to a cause of action for abuse of process. See *Blumenfeld v. R. M. Shoemaker Co.*, 286 Pa. Super. 540, 429 A.2d 654 (1981)."

In *Blumenfeld,* supra, a civil case for malicious use of process or abuse of process as contra to the *Mines* case, supra, which was a criminal prosecution, being a private complaint initiated by the district attorney of McKean County, there is no mention of a nolle prosequi nor a voluntary nonsuit. In *Blumenfeld,* supra, a lis pendens was filed on the equity side of the court which was, following preliminary objections, transferred to the law side of the

---

1. The court recognized this final requirement of arrest and seizure of property is now not required under 42 Pa.C.S. §8351.

court and subsequently stricken by court order. We are at a loss to determine how the federal court in *Mines*, supra, equated *Blumenfeld*, supra, a civil action, striking a lis pendens with a nolle prosequi in the *Mines* case, supra.

We have not been presented with any cases holding in a civil action that ended by a voluntary discontinuance has been held to a proceeding terminated in favor of the person against whom they are brought. The code language "terminated in favor of the person against whom they are brought" clearly envisions judicial resolution of the merits of the cause. If it were otherwise, any party commencing an action would be compelled to continue with it despite a myriad of reasons the party may desire to voluntarily discontinue the action. To label therefter the action was terminated against plaintiff in a self-serving conclusion that defendant in the action was successful on the merits. We find no logic in this argument.

See also, *Robinson v. Robinson*, 28 D.&C.3d, 54 (1982), holding a dismissal of an action without prejudice in the federal court does not constitute a termination in favor of plaintiff entitling him to bring an action for wrongful use of civil proceedings pursuant to 42 Pa.C.S. §8351.

PRELIMINARY OBJECTION IN THE NATURE OF A DEMURRER TO COUNT II OF PLAINTIFF'S COMPLAINT — DEFAMATION

Plaintiff alleges the Crawford County action has defamed his good character and reputation. Defendant raises the defense of absolute immunity by reason of judicial proceedings.

Section 8353 of Title 42 Pa.C.S. resolves this dispute in that it requires plaintiffs hurdling the essential elements of an action brought pursuant to sec-

tion 8351 in order to move into the area of damages:

"When the essential elements of an action brought pursuant to this subchapter have been established as provided in section 8351 (relating to wrongful use of civil proceedings), plaintiff is entitled to recover for the following:

"(1) . . .

"(2) the harm to his reputation by any defamatory matter alleged as the basis of the proceedings."

Obviously, since we hold there has been no wrongful use of proceedings in as much as the Crawford County case was not terminated in favor of plaintiff, there is no issue of damages. If there be no damages there is no cause of action for wrongful use of civil process. We therefore enter the following

## ORDER

And now, this September 8, 1987, defendant's preliminary objections are granted with prejudice.