In re FIDELITY AMERICA FINANCIAL
CORPORATION (Jointly
Administered with).

In re FIDELITY AMERICA MORTGAGE
CO. (A Pennsylvania Corporation).

In re FIDELITY AMERICA MORTGAGE
CO. (A Delaware Corporation).

In re FIDELITY AMERICA MORTGAGE
CO. (A Nevada Corporation), Debtors.

Norman M. KRANSDORF, Trustee,
Plaintiff,

v.

Harvey P. MURRAY, Jr. and Nancy K.
Murray and Realty General Associates,
LTD., Defendants.

Bankruptcy No. 81–00385G.
Adv. No. 82–0106G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 25, 1982.

Don P. Foster, Alexander N. Rubin, Jr., Rubin, Quinn, Moss & Girard-DiCarlo, Philadelphia, Pa., for plaintiff, Norman M. Kranzdorf, Trustee.

Harvey P. Murray, Jr., defendant, pro se.

Howard M. Newstadt, Sunbury, Pa., for defendant, Nancy K. Murray.

Richard C. Fox, Fox, Farr, Goldstein & Cunningham, Harrisburg, Pa., for defendant, Realty Gen. Associates, Inc.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The first of three issues before us is whether a complaint for an accounting and imposition of a constructive trust filed by the chapter 11 trustee against one of the defendants in this case, Nancy K. Murray, should be granted. We conclude that the trustee has established, by the supporting affidavits which he has presented and by the admissions of the said defendant in her answer and pleadings, that there is no genuine issue of fact with respect to the defendant's liability as a constructive trustee and that the trustee in bankruptcy (the plaintiff herein) is, therefore, entitled to summary judgment on that issue.

The facts of the instant case are as follows:[1] The Fidelity America Financial Corporation ("FAFCO") and the Fidelity America Mortgage Company ("FAMCO") filed a petition under chapter 11 of the Bankruptcy Code ("the Code") in February, 1981. On September 9, 1981, Howard I. Green, the chief executive officer of FAFCO and FAMCO resigned his post whereupon the defendant, Harvey P. Murray, Jr., became the sole remaining senior officer of both companies.

On or about September 15, 1981, Harvey P. Murray instructed the office manager of FAFCO–FAMCO to draw a check for $26,000.00 against certain funds belonging to FAMCO which were at that time in a Philadelphia Savings Fund Society ("PSFS") account belonging to the Fidelity Financial Corporation ("FFC"), a wholly owned subsidiary of FAFCO. On Harvey P. Murray's express directions, the payee of the check was listed as "Nancy K. Murray, Agent for Realty General Associates."[2] Nancy K. Murray is the wife of Harvey P. Murray. In her answer, Nancy K. Murray admitted that the check in question was made pay-

---

2. The defendant avers in her answer that she is not a principal of Realty General Associates and that she is only a shareholder therein. *See* defendant's answer at ¶ 3(b).

able to her, but did not allege that any moneys were due her. On September 16, 1981, Nancy K. Murray endorsed the aforesaid check and deposited it into her personal account. Within two days after this deposit, she issued checks amounting to $14,000.00.[3]

On or about September 16, 1981, the defendant, Realty General Associates, Ltd. ("RGA"), allegedly executed a capital note[4] to FFC wherein RGA promised to pay FFC $26,000.00. This note, the chapter 11 trustee alleges, was executed for RGA by Harvey P. Murray in his capacity as authorized agent for RGA.

The chapter 11 trustee moves for partial summary judgment against Nancy K. Murray for the relief demanded in count one of the complaint wherein the chapter 11 trustee asks that the money in question be held in constructive trust and that the defendant, Nancy K. Murray, be required to account to the chapter 11 trustee for all benefits received from the use of said money. Fed.R.Civ.P. 56 provides in pertinent part:

(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

\* \* \* \* \* \*

(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposite affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.[5]

*See Federal Rules of Civil Procedure,* 28 U.S.C.

Counsel for the defendant, Nancy K. Murray, incorrectly cites *Kohr v. Kohr,* 271 Pa.Super. 321, 413 A.2d 687 (1979), for the proposition that in order for a constructive trust to exist under Pennsylvania law, there must be a conveyance of property resulting from fraud, duress, undue influence or abuse of a confidential relationship *and* an actual promise by the transferee to hold the property in trust. Quite to the contrary, *Kohr* expressly holds that, under Pennsylvania law, a constructive trust may be decreed under two different theories, under one of which there is no requirement that there be any promise made. *Id.* at 328, 413 A.2d at 690. The *Kohr* court, citing the Restatement of Restitution § 160, stated that a constructive trust may arise "where a person holding title to property is subject to an equitable duty to convey it to another on the grounds that he would be unjustly enriched if he were permitted to retain it." *Id.* at 329, 413 A.2d at 691.

■ In the instant case, we conclude that the defendant, Nancy K. Murray, has been unjustly enriched, thus requiring the decreeing of a constructive trust, because the clear and convincing evidence shows that: (1) the $26,000.00 at issue belonged to FAMCO;[6] (2) a check representing the aforesaid

---

**3.** *See* plaintiff's motion for partial summary judgment at p. 4.

**4.** See Exh. C to plaintiff's complaint.

**5.** Rule 756 of the Rules of Bankruptcy Procedure provides that Rule 56 of the Federal Rules of Civil Procedure applies in adversary pro-

ceedings. *See* Rules of Bankruptcy Procedure, Rule 756, 11 U.S.C.

**6.** *See* uncontroverted affidavit of Kurt Schaefer at ¶ 3 attached as Exh. A to the plaintiff's motion for partial summary judgment; uncontroverted affidavit of Helen Lorenz at ¶ 3 attached as Exh. B to the plaintiff's motion for

$26,000.00 was drawn, at Harvey P. Murray's instruction, to Nancy K. Murray,[7] and deposited into Nancy K. Murray's personal bank account;[8] and, most importantly, (3) Nancy K. Murray has made no claim that the $26,000.00 belongs to her or that she has any proprietary interest whatsoever in the aforesaid money. Consequently, we conclude that the present record unequivocally demonstrates that there is no genuine issue of material fact regarding the issue of unjust enrichment. Justice (then Judge) Cardozo, in describing the use and purpose of a constructive trust, stated that "[a] court of equity in decreeing a constructive trust is bound by no unyielding formula. The equity of the transaction must shape the measure of relief." *Beatty v. Guggenheim Exploration Co.*, 225 N.Y. 380, 389, 122 N.E. 378, 381 (1919) *cited in Chambers v. Chambers*, 406 Pa. 50, 55, 176 A.2d 673, 675 (1962). Accordingly, we will grant the trustee's motion for partial summary judgment against the defendant, Nancy K. Murray, and impose a constructive trust upon the moneys[9] transferred from the FAMCO funds into the personal bank account of Nancy K. Murray. We find her to be the constructive trustee of the aforesaid sum and will require her to account for any and all expenditures of those moneys. We have drawn no factual inferences in favor of the trustee and have not resolved any issue on the basis of credibility. On the contrary, and as heretofore pointed out, we conclude, on the basis of the uncontroverted affidavits and pleadings, that there is no genuine issue of fact as to whether Nancy K. Murray has been unjustly enriched.

■ The second issue at bench is the defendant RGA's motion for summary judgment in its favor wherein it alleges that the facts of the instant case indicate, as a matter of law, that:[10] (1) Harvey P. Murray was not an authorized agent of RGA; (2) Nancy K. Murray was not an authorized agent of RGA; and (3) only $4,100.00 was paid by Harvey P. Murray to creditors of RGA and that therefore the facts do not support the establishment of a constructive trust against RGA. We conclude that the pleadings and supporting affidavits filed by both the chapter 11 trustee and defendant RGA clearly establish that there are genuine issues of fact as to each of the aforesaid allegations and that the defendant RGA is, therefore, not entitled to summary judgment.

RGA, in its motion for summary judgment, avers that Harvey P. Murray was not, during the time in question, an agent of RGA. To the contrary, the trustee has alleged that Harvey P. Murray was at all times relevant to this dispute an authorized agent of RGA.[11] The agency status of Har-

---

partial summary judgment; uncontroverted testimony of Harvey P. Murray before the Securities and Exchange Commission at p. 187 attached as Exh. C to the plaintiff's motion for partial summary judgment.

7. *See* uncontroverted affidavit of Kurt Schaefer at ¶ 7; uncontroverted affidavit of Helen Lorenz at ¶ 4; uncontroverted testimony of Harvey P. Murray before the Securities Exchange Commission at p. 189; Exh. D to plaintiff's motion for partial summary judgment.

8. *See* Exh. D to plaintiff's motion for partial summary judgment.

9. On or about September 28, 1981, a bank treasurer's check in the amount of Five Thousand (5,000) dollars, payable to "Norman M. Kranzdorf, Trustee of FAMCO," was received by the plaintiff from the co-defendant Harvey P. Murray. Consequently, the sum in controversy is reduced to $21,000.00. *See* trustee's complaint at ¶ 14.

10. Fed.R.Civ.P. 56, made applicable to adversary proceedings in bankruptcy pursuant to Rule 756 of the Rule of Bankruptcy Procedure, provides in pertinent part:

> (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

*See* Federal Rules of Civil Procedure, 28 U.S.C.

11. *See* affidavit of Kurt Schaefer attached as Exh. A to the plaintiff's answer to defendant's motion for summary judgment; affidavit of Helen Lorenz attached as Exh. B to the plaintiff's answer to defendant's motion for summary judgment; testimony of Harvey P. Murray before the Securities Exchange Commission attached as Exh. C to plaintiff's answer to defendant's motion for summary judgment.

vey P. Murray is clearly a contested matter which must be resolved at trial.

■ Additionally, RGA alleges that Nancy K. Murray was not, during the time in question, authorized to act as an agent for RGA. In support of its contention, RGA alludes to the indictment of Harvey P. Murray by the United States Attorney wherein the United States Attorney alleges that Nancy K. Murray was never authorized to act as an agent for RGA.[12] We conclude, however, that an indictment for probable cause is not conclusive, for purposes of this summary judgment motion, or the issue of the agency status of Nancy K. Murray. This is especially true when viewed in light of the fact that the check was expressly drawn to "Nancy K. Murray, Agent for Realty General Associates," and in light of the further fact that Nancy K. Murray utilized her bank account to conduct business on RGA's behalf.[13]

As to whether any part of the $26,000.00 in question was used to satisfy the debts of RGA, we also conclude that genuine issues of material fact remain. RGA admits that Harvey P. Murray was indebted to it for $4,900.00 and that part of a debt owed by RGA to one of its creditors was to be partially satisfied by the repayment by Harvey P. Murray of all or a substantial portion of his $4,900.00 indebtedness to RGA. In any event, RGA admits that at least $4,100.00 of its debts were paid by Harvey P. Murray through the use of the $26,000.00 in issue.[14] Consequently, we conclude, based on the pleadings and affidavits submitted by both the trustee and RGA, that genuine issues of material fact remain as to the following issues: (1) the agency status of Harvey P. Murray, Jr.; (2) the agency status of Nancy K. Murray; and (3) the amount of benefit received, if any, by RGA from the funds taken by Harvey P. Murray. Accordingly, we deny RGA's motion for summary judgment.

■ The final issue before us is the chapter 11 trustee's motion to dismiss RGA's counterclaim wherein RGA apparently sets forth a claim for abuse of process or wrongful use of civil process. As District Judge James T. Giles stated in *Sheridan v. Fox,* 531 F.Supp. 151 (E.D.Pa.1982):

> Wrongful use of civil proceedings and abuse of process are different torts. The gravamen of wrongful use of civil proceedings is the baseless or reckless prosecution of a suit, while the gravamen of abuse of process is use of proceedings for an improper purpose. Essential elements of wrongful use of process, such as lack of probable cause and prior termination, are not required for an abuse of process . . . . [but] arrest or seizure continues as an essential element of abuse of process.
>
> \*  \*  \*  \*  \*  \*
>
> It is hornbook law that termination of a prior proceeding in plaintiff's favor has always been prerequisite to a wrongful-use-of-process suit.

531 F.Supp. at 153, 154.

We therefore conclude that RGA's counterclaim for wrongful use of process must be dismissed since the aforesaid prerequisite that there be a termination in favor of the person against whom the suit was brought is lacking in this case.[15] Likewise, even if RGA's counterclaim is more in the nature of a claim for abuse of process, that counterclaim would also have to be dismissed since the above-mentioned precondition that there be an arrest of a person or the seizure of property is also not present.[16] Conse-

---

12. *See* Exh. B to defendant RGA's motion for summary judgment.

13. *See* Exh. E to plaintiff's answer to defendant RGA's motion for summary judgment.

14. *See* defendant RGA's brief in support of motion for summary judgment at p. 3.

15. Under 42 Pa.Cons.Stat.Ann. § 8351(a)(2) (Purdon Pamphlet 1982) an essential element of a wrongful use of process cause of action is that "[t]he proceedings have terminated in favor of the person against whom they are brought." *Id.* § 8351(a)(2).

16. The "English Rule" requires there be either an arrest of the person or a seizure of property in order to state a cause of action for abuse of process. *See Sheridan v. Fox,* 531 F.Supp. 151, 154 (E.D.Pa.1982).

quently, we conclude that RGA's counterclaim fails to state a claim upon which relief can be granted and, accordingly, we will dismiss its counterclaim.